CORCORAN, Respondent, vs. THE MILWAUKEE GAS LIGHT COMPANY, Appellant.

*January 13 — February 2, 1892.*

*Master and servant: Unsafe appliances: Contributory negligence.*

In an action for personal injuries the complaint alleged that for several years the plaintiff had been employed by the defendant gas company in making general repairs in and about its building, and had occasionally been required to use a ladder; that on his declaring that the ladder was not safe the defendant's foreman had promised to have a safe ladder provided; that, relying upon such promise, the plaintiff continued in the employ of the defendant, but the defendant and the foreman failed to provide such safe ladder; that thereafter the plaintiff was ordered by the foreman to ascend a ladder to make certain repairs; that the ladder furnished was unsafe and unsuitable because the floor on which it was to rest was slippery and it had no spikes or other appliances at the lower end

Corcoran vs. The Milwaukee Gas Light Co.

to make it secure; and that the plaintiff was injured by the falling of said ladder while he was ascending it. *Held*, on demurrer, that the complaint does not state a cause of action, the danger being obvious, and the plaintiff, therefore, guilty of contributory negligence in not making the foot of the ladder secure before ascending.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint alleges, in effect, the incorporation of the defendant; that for years prior to December 5, 1887, the plaintiff was employed by the defendant in making general repairs in and about its building where gas was manufactured, and in doing such other work as he was directed to do by the defendant or its general foreman; that previous to December 5, 1887, the plaintiff had been occasionally required to ascend a ladder for the purpose of cleaning out and repairing a condenser, or similar purposes, and that he had declared to said foreman that such ladders were not safe or secure; that the foreman promised to have a different and safe ladder provided for him in case he should be called upon again to do such work; that the plaintiff, not knowing whether he would again be required to do such work at all, and relying upon such promise, continued in the employ of the defendant; that the defendant and said foreman failed and neglected to provide such safe ladder or other suitable appliances; that December 5, 1887, the plaintiff was ordered by said foreman to ascend a ladder for the purpose of cleaning out and repairing such condenser; that for said purpose a ladder was furnished by the defendant which was unsafe and unsuitable for the purpose, and especially so by reason of the floor on which said ladder was to be placed being covered to some extent with oil, tar, and other slippery substances, and that said ladder had no spikes in the end thereof which was to rest on said floor, and had no other appliances of any kind to make it reasonably safe or secure; that, in consequence of the failure of the defendant to furnish such suitable ladders and such

Corcoran vs. The Milwaukee Gas Light Co.

other and proper facilities that were necessary for the plaintiff in the performance of his duties, and while the plaintiff was ascending said ladder on said day, he sustained serious personal injury by the falling of said ladder, in consequence of which both of his arms were broken, for which he claims damages.

To that complaint, dated January 29, 1891, the defendant demurred on the ground that it does not state facts sufficient to constitute a cause of action. From the order overruling that demurrer, the defendant appeals.

For the appellant there was a brief by *Wells, Brigham & Upham,* and oral argument by *J. R. Brigham.*

*Peter Doyle,* for the respondent.

CASSODAY, J. It appears that the floor on which the foot of the ladder rested was, to some extent, covered with oil, tar, and other slippery substances; that the plaintiff was ordered by the foreman to ascend the ladder for the purpose named; that while in the act of doing so, and by reason of the condition of the foot of the ladder, and such slipperiness, the same slipped, and consequently the plaintiff fell and was injured. The particular defect in the ladder complained of is the absence of any spikes or other appliances in the lower end to prevent the same from slipping upon the floor.

The general rule undoubtedly makes it the duty of the employer to furnish his employee not only with a reasonably safe place in which to do the work assigned, but also with reasonably safe implements or machinery for doing the same. It is equally well settled that one who contracts to work for another in any employment assumes the usual and necessary risks of such employment, especially as to such hazards of which he has full knowledge. *Paule v. Florence Mining Co.* 80 Wis. 350.

In applying these well-settled rules we are to determine

whether the complaint states facts sufficient to constitute a cause of action. It will be observed from the foregoing statement that the plaintiff was no novice in the business. For years prior to the accident he had been engaged in making general repairs in and about the same building. The making of such general repairs necessarily required the exercise of some mechanical skill. Previous to the injury he had been occasionally required to ascend the same or a similar ladder for like purposes. It must be assumed that he had sufficient intelligence to comprehend the natural and ordinary results of placing the foot of a ladder, without spikes or other appliances for holding the same, and without being guarded, upon a slippery floor, while he attempted to ascend to the top. His business of making general repairs would seem to be sufficiently comprehensive to include the making of the foot of such ladder secure by some appliance, fixture, or guard. To attempt to ascend without first making the foot of the ladder secure would seem to be negligent, if not reckless. The natural, if not inevitable, result of such an attempt, under such circumstances, is too obvious not to be anticipated by the exercise of ordinary care on the part of a man of the plaintiff's admitted experience. *Hoth v. Peters,* 55 Wis. 405; *Peschel v. C., M. & St. P. R. Co.* 62 Wis. 338; *Goltz v. M., L. S. & W. R. Co.* 76 Wis. 136. It is unlike the exposure to some concealed or unforeseen danger, or to a defect or danger which the injured party could not be required or expected to remedy. It is unlike the recent case cited from Kansas, where the injured party was thrown from a pier by the rebound from a blow struck with a maul handed to him by the defendant's foreman, by reason of its uneven face, which was unknown to the plaintiff. *Chicago, K. & W. R. Co. v. Blevins,* 46 Kan. 370. In the case at bar the plaintiff put himself in peril by thus attempting to ascend the ladder while the foot of it was thus left insecure. The case is

quite similar in its facts to *Marsh v. Chickering*, 101 N. Y. 396, where the plaintiff was injured by the slipping of a ladder furnished by the defendant, and which had been used by the plaintiff in safety for over six weeks in lighting lamps in front of the defendant's building, and in which it was held, upon the facts stated, that there could be no recovery.

The learned counsel for the plaintiff virtually concedes that there could be no recovery here had not the defendant, prior to the injury, promised to procure a safe ladder, and upon which promise the plaintiff relied. This court has held that in a proper case a servant may rely upon such assurance for a reasonable time for the performance thereof; but that, if he remains in such service after the expiration of such reasonable time, he is thereby deemed to have waived his objection and assumed the risk. *Stephenson v. Duncan*, 73 Wis. 404. But the allegations here fail to bring the case within the rule stated. Besides, as indicated in *Marsh v. Chickering*, 101 N. Y. 396, the rule is hardly applicable to a case like the one at bar.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.