HOLT, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent

*November 28 — December 15, 1896.*

*Master and servant: Defective tool: Contributory negligence.*

> Plaintiff, a skilled mechanic, was injured by the slipping of a pinch bar with which he was attempting to move a locomotive in defendant's roundhouse, which he had been directed to repair. The evidence showed that the bar was one which he had picked up in the roundhouse and used without inspection; that he felt of it immediately after the accident and found the heel dull; and that he had the right to call men to move the locomotive. It did not appear but that there were other and safe pinch bars in the roundhouse. *Held,* that plaintiff was guilty of contributory negligence precluding a recovery in failing to discover the defect.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

Action for a personal injury to the plaintiff which was caused by the use of a defective tool, which he found in the building where his work was and used without inspection. The plaintiff was a machinist of twenty years' experience. He was employed as a machinist in the defendant's shops and its adjacent roundhouse at night work. On the night of the accident he was required to repair a locomotive in the roundhouse. Finding it necessary to move the locomo-

tive a short distance, he looked for and found a pinch bar with which he attempted to remove it. He applied the bar to the wheel of the locomotive, and put his whole weight upon the lever, raising his feet from the floor for that purpose. While he was in that position the bar slipped upon the rail and fell to the floor. The plaintiff fell upon the bar in such a manner as to partially dislocate both knees. A pinch bar is a tool which is simple in its mechanical contrivance. It is a bent lever, with a long and short arm. The short arm is about three to three and one-half inches in length. The long arm is about six feet long, and tapers to small size towards the end. The bar is made of iron or steel, and weighs thirty to forty pounds. That part of the bar which is the short arm is shaped somewhat like the letter "V." The point of the V-shaped part, when the bar is used, is applied to the weight to be moved. The end of the lower arm of the V shape is the fulcrum. This part of the bar is made of steel, and, when new, the points are sharp. Like other tools it becomes dull and blunted by using. When used to move a locomotive, the point of the bar is placed between the wheel and the rail. The locomotive is the weight and the rail the fulcrum. When the points become dulled by use, the bar will sometimes slip upon the rail. The plaintiff had used pinch bars and knew their construction. He had moved locomotives with them before. Immediately after the accident, he felt the bar "to find out what condition it was in and how it felt," and found that it was dull. It does not appear but that there were other and safe pinch bars in the roundhouse. The plaintiff had the right to call men to move the locomotive. Two men came and moved it for him after the accident. There was judgment of nonsuit, from which the plaintiff appeals.

*Geo. E. Sutherland*, for the appellant.

*C. H. Van Alstine*, of counsel, for the respondent.

Holt vs. Chicago, Milwaukee & St. Paul R. Co.

NEWMAN, J.   The negligence claimed by the plaintiff is the failure of the defendant to furnish him with a safe tool for doing the work which it set him to do, yet it does not appear that it had not furnished, nor that there were not at the time, perfect pinch bars in their proper places in the roundhouse ready for his selection and use.   If they had been provided and were at hand, subject to his selection, it would seem to be in some sense his own fault and at his own risk, if he selected a defective one; for he was an experienced machinist, and had worked with pinch bars, and knew of their construction and use.   It is the duty of the master to the servant, and the implied contract between them, that the master will furnish proper, perfect, and adequate machinery or tools and appliances for the proposed work.   It is supposed that the master has a better and more comprehensive knowledge of the machinery and materials to be used than the servant.   So the servant has a claim upon the master for protection against the use of defective or improper machinery or appliances while he is engaged in the performance of the service required of him.   But the rule has no application where the servant has knowledge, equal with the master, of the machinery or appliances employed in the performance of the work devolved upon him, or when, by reasonable attention, he might have such knowledge.   *Klatt v. N. C. Foster L. Co.* 92 Wis. 622.   This is especially true when the servant has the selection of the tools and appliances with which his work is to be done.   The adult servant is presumed to possess ordinary intelligence, judgment, and discretion to appreciate such dangers incident to his employment as are open and obvious, and knowledge of it on his part will be presumed, or imputed to him as matter of law.   *Luebke v. Berlin Machine Works*, 88 Wis. 442–448.   Manifestly, the presumption is strengthened when the servant is also an expert in his employment, and familiar

with the use of the tools. This whole subject was considered and the authorities cited in *Goltz v. M., L. S. & W. R. Co.* 76 Wis. 136–143. Some later cases in this court, which will serve to illustrate the application of the rule, are *Corcoran v. Milwaukee G. L. Co.* 81 Wis. 191; *Haley v. Jump River L. Co.* 81 Wis. 412–421; *Burnell v. West Side R. Co.* 87 Wis. 387; *Dougherty v. West Superior I. & S. Co.* 88 Wis. 343; *Luebke v. Berlin Machine Works, supra; Petersen v. Sherry L. Co.* 90 Wis. 83–93; *Hazen v. West Superior L. Co.* 91 Wis. 208.

The lever is one of the simplest and most easily understood of the mechanical powers. It requires little special training to qualify one for using it efficiently and safely. About the mere use of the lever itself there can well be no occult or hidden danger. A pinch bar is a simple mechanical tool, and its use is simple and easily understood. But it is said that, if the heel becomes dulled, it may slip upon the rail. Can it be that a skilled machinist of twenty years' experience should be ignorant of a property of iron so manifest to one of his calling and experience? That he was not ignorant of the possible action of a dull pinch bar, his swift inspection of the bar after his accident is amply suggestive. The defendant's fault was not that it failed to furnish sufficient and safe tools for the work in hand. It consisted, rather, in permitting inadvertently a defective tool to be where the plaintiff could get it. There were safe tools at command and men to do the work within his call. By reasonable attention he would have learned the condition of the bar. By inattention to its condition he took upon himself the risk of there being some defect in it. The consequences of the risk he took are his misfortune. It cannot well be shifted over onto the defendant. If he had observed and discovered the defect, it was negligence to use the bar. If he did not observe and discover the defect, he was negligent in failing to observe and discover it. Such negligence

prevents his recovery. "An employee cannot recover for an injury from a defect in machinery unless the employer knew, or ought to have known, of the defect, and the employee did not know of it, *or had not equal means of knowledge.*" *Goltz v. M., L. S. & W. R. Co., supra,* quoting *Hayden v. Smithville Mfg. Co.* 29 Conn. 548.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.