BORDEN, Respondent, vs. DAISY ROLLER MILL COMPANY, Appellant.

*January 13 — February 8, 1898.*

*Master and servant: Negligence: Defective appliances: Assumption of risk.*

1. Where an experienced mechanic is injured by the slipping of a ladder on the floor where he was using it, such ladder being one of the ordinary tools in use in and about the premises and selected by such mechanic on the occasion of such injury, it was error to instruct the jury that, as a matter of law, the master was negligent because of some defect in the ladder, which was open and obvious to any person paying reasonable attention thereto.

2. A servant is not ordinarily obliged to search for defects in instrumentalities furnished for his use; nevertheless, in the use of ordinary tools, he takes the risk of all defects therein which are open and obvious to a person of ordinary care, by reasonable attention to them as they are used.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

Action for the recovery of compensation for personal injuries alleged to have been received by plaintiff while in the employ of defendant, by reason of a failure of duty on the part of the latter in respect to furnishing plaintiff with a reasonably safe ladder with which to do his work.

The evidence showed, without dispute, that plaintiff had worked as a millwright in defendant's flour mill for several months before the injury; that he was a person of large experience in such work and very familiar with the use of ladders of various kinds in and about millwright work; that at the time in question he was putting up some spouts or conductors, that required him to work on a gallery on which were located purifiers in operation; that for the purpose of reaching the point where the work was to be done, he was obliged to use a short ladder; that he found one standing

Borden vs. Daisy Roller Mill Co.

upright against one of the machines, took and immediately placed it in position, and ascended it with a spout in his hand to do his work; and that while so engaged the ladder suddenly slipped on the floor, causing him to fall and entangle one of his feet in the belt on one of the machines, by reason of which one of his legs was broken and he was otherwise injured. The alleged defect was want of spikes in the ladder to prevent its slipping on the floor.

At the close of the evidence there was a motion to direct a verdict for defendant, which was denied. The court charged the jury that the ladder was defective, as a matter of law, for want of spikes to prevent its slipping on the floor, and that if plaintiff, in the exercise of ordinary care, should have discovered such defects, he could not recover; otherwise that he was entitled to a verdict for compensation for his injuries. A verdict was rendered for plaintiff. Defendant's counsel moved the court to set the verdict aside and grant a new trial, which was denied. Judgment was thereafter entered in plaintiff's favor, and defendant appealed therefrom on exceptions duly taken.

For the appellant there was a brief by *Ross, Dwyer & Hanitch*, and oral argument by *W. D. Dwyer*.

For the respondent there was a brief by *Crownhart, Owen & Foley*, and oral argument by *W. R. Foley*.

MARSHALL, J. It is only when the evidence, and all the reasonable inferences from evidentiary facts established thereby, are one way in respect to a fact in issue, that the trial court is warranted in taking it from the jury. Testing the evidence in the record by that familiar rule, the instruction given by the trial court to the effect that the ladder was defective and the defendant guilty of actionable negligence as a matter of law, unless plaintiff was guilty of contributory negligence, was a clear invasion of the province of the jury.

Whether a tool is defective, so as to render the person responsible for its reasonable safety for use liable for damages to an employee injured by some failure of duty in that regard, must be determined in the light of all the circumstances bearing on the question, and particularly the right of such person to rely on the duty of such employee to exercise ordinary care for his own safety. A ladder is one of the most simple contrivances in general use. The danger attending such use is a matter of almost common knowledge, and is particularly within the knowledge of men engaged in such work as that in which plaintiff was employed when injured. Under all the circumstances, in view of the very simple character of such a tool; the ease with which plaintiff could have informed himself as to whether there were points in the bottom of it; the obvious dangers which would naturally suggest to such a person the necessity of familiarizing himself with its character in that regard before using it, and to guard against its tendency to slip on the floor; and many other things that might be mentioned,— clearly, the court was not warranted in finding, as a matter of law, that the officers and agents of the defendant, whose duty it was to act in its behalf, in the exercise of ordinary care, ought reasonably to have apprehended that some person, who might use the ladder in and about defendant's work, might be injured as a natural and probable result of its condition. That is an essential test of actionable negligence. *Sheridan v. Bigelow,* 93 Wis. 426; *Deisenrieter v. Kraus-Merkel Malting Co.* 97 Wis. 279. Such test was evidently overlooked or not appreciated by the learned trial judge, else he would have at least submitted the question to the jury under proper instructions.

It is further assigned as error that the court refused to direct a verdict for defendant, and to set aside the verdict as against the evidence. There was no question in the case as to plaintiff's being an experienced workman in the use of

Borden vs. Daisy Roller Mill Co.

ladders on floors in mills; no dispute but that he had as good an opportunity as defendant for knowing of the defects in the ladder, if any existed, and all the probable consequences that might follow; no dispute but that he might, by an instant's inspection of the ladder, have found out its exact condition; no dispute but that he selected the ladder and used it without any sufficient, or really any, inspection in regard to its being furnished with points to prevent its slipping on the floor: in that state of the case, under the well-settled rule that an employee is chargeable with knowledge of all the dangers that are apparent to such observation as men of ordinary care, under the circumstances of the situation, would be likely to make, and the duty to guard himself against injury therefrom (*Jones v. Sutherland*, 91 Wis. 587), and that if, by reason of such dangers, he is injured, he is remediless by reason of his contributory fault,— the plaintiff clearly assumed the risk of using the ladder in the condition it was. *Powell v. Ashland Iron & Steel Co., ante*, p. 35.

The case of *Holt v. C., M. & St. P. R. Co.* 94 Wis. 596, seems to rule this. There an employee was injured by the slipping of a pinch bar on the rail while he was using it to move a locomotive. Such slipping occurred because the heel of the bar, where it came in contact with the rail, was too dull. The employee was experienced in the use of such tools. He knew the liability of the bar to slip if it was not kept sharp, yet he used it without first ascertaining its condition in that regard. In deciding the case, Mr. Justice NEWMAN said, in effect, that the plaintiff knew the danger of using a defective bar and by reasonable attention he could have learned of its condition in that regard; and by inattention he took upon himself the risk of the defect, and therefore could not shift the consequences onto the defendant, but must bear the misfortune himself.

It is quite clear from the evidence that plaintiff paid no attention whatever to the ladder before using it. He said

that he tested it, but that such test was only to see that
there was no flour under it.    He also testified that if he had
jumped the ladder down on the floor, and then tried to
move it, he could have detected at once whether there were
points in the bottom or not; that what he did was to set
the ladder up and give it a little jerk,— simply picked it up
and set it down; that he did not test it to see if there were
points on the bottom; that if it were heavy he could have
discovered whether there were such points by setting or
striking it down on the floor.    The evidence in the case is
to the effect that the ladder was short and weighed but
twenty-five or thirty pounds.    If it was defective, as claimed,
the defect was open and obvious, with the exercise of the
slightest attention; if it was negligence to furnish a ladder
for use in and about the mill with such defects, then it was
negligence on plaintiff's part to use it without discovering a
condition which was ascertainable by ordinary attention to
the instrumentalities in use.

The principles applicable to this case are well established
in the law of negligence, as shown by numerous authorities
cited in *Holt v. C., M. & St. P. R. Co.* 94 Wis. 596.    For
such application to facts somewhat similar to these, *Cahill
v. Hilton*, 106 N. Y. 512, cited by appellant's counsel, is a
valuable precedent.    As said there by Chief Justice RUGER,
a ladder, like a spade or hoe, is an implement of simple
structure, intelligible in all its parts to the dullest intellect.
How strongly this applies to an experienced employee, re-
quired to use ladders constantly about his work, and who
must be presumed to know as well as the master whether
points in the bottom of such tools are essential to their safety
for use, and has better facilities than the master for discov-
ering defects in that regard, is most manifest.    On the un-
disputed facts here, the jury, as in *Cahill v. Hilton, supra*,
were permitted to say that defendant was guilty of action-
able negligence for not furnishing a ladder free from defects

in regard to points in the bottom, the absence of which would be quickly observed by ordinary observation and attention, yet that plaintiff, with superior means of observation and knowledge, was not guilty of contributory negligence because of his ignorance of such defects. That was a plain violation of one of the most familiar principles of the law of negligence.

In the discussion and decision of this case the rule has been kept clearly in mind that a servant is not obliged to search for defects in instrumentalities furnished for his use, but may rely on the duty of the master to see that they are reasonably safe; yet such rule does not militate at all against that other rule, just as well settled in the law of negligence, that the master may rely on the duty of the servant to observe all defects and dangers which reasonable attention to the work in hand will generally disclose to a person of ordinary intelligence and experience in such work. *Hazen v. West Superior Lumber Co.* 91 Wis. 208; *Soutar v. Minneapolis International Electric Co.* (Minn.), 70 N. W. Rep. 796; *Rietman v. Stolte,* 120 Ind. 314; *Ragon v. T., A. A. & N. M. R. Co.* 97 Mich. 265; *Holt v. C., M. & St. P. R. Co.* 94 Wis. 596.

The motion on the part of the defendant for the direction of a verdict should have been granted, and failing in that, the verdict of the jury should have been set aside and a new trial granted for errors in the instruction and because the verdict was not warranted by the evidence.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded for a new trial.