STORK, Respondent, vs. CHARLES STOLPER COOPERAGE COM-
PANY, Appellant.

*February 3—February 21, 1906.*

*Master and servant: Personal injuries: Evidence: Special verdict:*
*Material questions: Negligence: Simple tools; Monkey wrench:*
*Uncovered gearing: Instructions to jury: Proximate cause.*

1. In an action for personal injuries received by a servant from ma-
chinery, while on many questions there was substantial con-
flict, and what might be deemed a preponderance of the evidence
against the verdict, it is *held* that there was credible evidence
from which the jury might have reached their conclusions ex-
pressed in the special verdict.

2. Where the jury in the special verdict have found that the de-
fendant had actual knowledge of the defects which were claimed
to have caused personal injuries to a servant, a question of
said verdict: "Ought the defendant by the exercise of ordinary
care to have known that the wrench was defective before
plaintiff was injured," is immaterial.

3. Generally speaking, in case of simple tools no liability rests on
the master for the ordinary perils resulting from their use, nor
for those latent and usual defects or weaknesses which, by
reason of the common, usual character of the appliance, are
presumed to be known to all men alike, but such exemption is
based on the condition that the defect and peril are such that
no superiority of knowledge of the master over the employee
exists or can be presumed.

4. As to simple tools and appliances the exemption of the master
from the duty to inspect to ascertain the development of defects
and disrepair in the course of their use is based upon the as-
sumption that such conditions are as much within the observa-
tion, if not more so, of the employee as of the master.

5. Such exemptions from liability are not in denial of the general
underlying principle of the law of negligence that one who
knowingly exposes another to likelihood of injury is liable
therefor, in the absence of consent by such other or of con-
tributory negligence.

6. In an action for personal injuries to a servant it appeared, among
other things, that plaintiff was injured while using a monkey
wrench; that the screw intended to move and hold the jaws of
this wrench was so defective that it would not accomplish the
latter purpose under pressure; that such fact was brought to

Stork v. Charles Stolper Cooperage Co. 127 Wis. 318.

the actual notice of defendant's representative a week or ten days before the accident; that the defect was not such as to be obvious to one. attempting to use the wrench, and that the wrench was expected to be used, as it was, in tightening or loosening nuts upon running machinery with exposed gears. *Held*, that the jury might have considered it within the realm of ordinary expectation that, when so used, the jaws of the wrench would be likely to.part, allow the wrench to slip, and the hand of plaintiff come in contact with the gearing to his hurt, and hence it cannot be said, as a matter of law, that there was no evidence to support liability for the injury so occurring.

7. In an action for personal injuries to a servant it appeared, among other things, that the injury resulted from contact with uncovered gearing, the presence of which was not only unlawful under sec. 1636$j$, Stats. 1898, and therefore negligent, but might also have been considered negligence on the part of the defendant independently of such statute. The court failed to submit to the jury as part of the special verdict a question as to whether the defects complained of and absence of warning to the plaintiff were the proximate cause, but did submit a question as to whether there was any want of ordinary care on the part of defendant which proximately caused plaintiff's injury, which the jury answered "Yes." There was no instruction that they could so answer only in case they found the defect to have been the natural and probable cause of the injury, but, on the contrary, they were instructed to answer affirmatively in case they so found, and, by separate and independent paragraph, also to answer "Yes" if they found there was any negligence on defendant's part which was the natural and probable cause. It was conceded that plaintiff had full knowledge of the exposure of the gearing. *Held*, that the jury might have believed that the exposed gearing was an act of negligence on the part of the defendant, and that it was the proximate cause within the definition given by the court.

8. In such case the actual causal relation between the defect in the wrench and the injury cannot be said to exist as matter of law, although it might be found as a fact that one supplying such a defective wrench should, as an ordinarily prudent and intelligent man, anticipate the likelihood that it would be used in such way as to cause injury.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

On January 25, 1900, the plaintiff was employed in de-
fendant's cooperage factory upon a certain machine. He was
then nineteen years of age, considerably experienced with
machinery, and had worked about six months in defendant's
factory, and on numerous occasions with the machine in ques-
tion. A transverse shaft ran across the machine, having at
one end an exposed gearing, and, about four inches from the
gearing, passed through a box or journal, the top of which
was fastened down with bolts each having a nut on top. It
often became necessary, by reason of the heating of this box,
to loosen such nuts, and plaintiff had done so a great many
times, picking up for that purpose any one of several monkey
wrenches which were about the shop, but none of which was
specially supplied for that purpose. On the day in question
this operation became necessary, and plaintiff went to a ma-
chine a few feet away and found a monkey wrench which,
without looking at it to ascertain its condition, he fitted to the
nut and pushed on the handle away from himself and toward
the gearing. The wrench was claimed to be defective so that
the jaws parted and it slipped off the bolt suddenly, and
plaintiff's hand went into the gearing and was seriously man-
gled. There was some evidence from another employee that
he saw the wrench used by the plaintiff; that he was familiar
with it and had discovered a few minutes before that the
thread of the screw which moved and held the jaws was so
worn out that the jaws would part upon application of pres-
sure; that about a week before he had discovered the existence
of that defect in a less degree, and had called to it the atten-
tion of the foreman whose business it was generally to look
after and repair all machinery and appliances in the shop.
The jury, by special verdict, found: (1) That the wrench
was defective. (2) That defendant's foreman had been noti-
fied thereof before the day of the accident. (3) That de-
fendant ought, by the exercise of ordinary care, to have known
of the defect. (4) That the plaintiff neither knew, nor by

the exercise of ordinary care ought to have known, thereof. (5) "Was there any want of ordinary care on the part of the defendant which was the proximate cause of the plaintiff's injury?" *Answer.* "Yes." (6) There was no want of ordinary care on the part of plaintiff which proximately contributed to the injury. And (7) damages. Defendant having previously moved for nonsuit and for direction of a verdict, after verdict moved to reverse the answers to questions 1, 2, 3, 4, 5, and 6, and for judgment in favor of the defendant; or, in the alternative, that the verdict be set aside and a new trial granted, which motions were overruled and judgment entered in favor of the plaintiff, from which the defendant appeals.

For the appellant there was a brief by *Vilas, Vilas & Freeman,* and oral argument by *E. P. Vilas.*

For the respondent there was a brief by *Fiebing & Killilea,* attorneys, and *C. H. Van Alstine,* of counsel, and oral argument by *Mr. H. J. Killilea* and *Mr. Van Alstine.*

Dodge, J. 1. The first assignment of error involves, primarily, the assertion that there was no credible evidence upon which the jury might have reached their conclusions expressed in the special verdict. With this we cannot agree. While on many of these questions there was substantial conflict and, perhaps, what we might deem a preponderance of evidence to the contrary, there was at least some evidence in support of each of the answers, except perhaps the third, which, however, is immaterial in presence of the finding of defendant's actual knowledge of the defect in the wrench.

2. It is strenuously urged that a monkey wrench falls within the category of common and simple tools, as to which, it is asserted by the appellant, the master is not bound by the ordinary rule that he must supply his employee with suitable and safe appliances. It may be conceded that, generally speaking, a monkey wrench is in such category, and the rule

of law is well established in this state and elsewhere that in case of such simple tools no liability rests on the master for the ordinary perils resulting from their use, nor for those latent and usual defects or weaknesses which, by reason of the common, usual character of the appliance, are presumed to be known to all men alike. This exemption from liability is, we believe, in all cases based upon the condition that the defect and peril are such that no superiority of knowledge in the master over the employee exists or can be presumed. *Corcoran v. Milwaukee G. L. Co.* 81 Wis. 191, 51 N. W. 328; *Borden v. Daisy R. M. Co.* 98 Wis. 407, 74 N. W. 91; *Olson v. Doherty L. Co.* 102 Wis. 264, 271, 78 N. W. 572; *Marsh v. Chickering,* 101 N. Y. 396, 5 N. E. 56; *Cahill v. Hilton,* 106 N. Y. 512, 518, 13 N. E. 339; *Garnett v. Phœnix B. Co.* 98 Fed. 192; *Louisville, E. & St. L. C. R. Co. v. Allen,* 47 Ill. App. 465; *Georgia R. & B. Co. v. Nelms,* 83 Ga. 70, 9 S. E. 1049. Another qualification of the master's liability indulged in case of such simple tools and appliances is exemption from a duty to inspect to ascertain the development of defects or disrepair in the course of their use, based also upon the assumption that such conditions are as much within the observation of the employees as of the master, if not more so. *Twombly v. Consolidated E. L. Co.* 98 Me. 353, 57 Atl. 85; *Wachsmuth v. Shaw E. C. Co.* 118 Mich. 275, 76 N. W. 497; *Cregan v. Marston,* 126 N. Y. 568, 27 N. E. 952; *Relyea v. Tomahawk P. & P. Co.* 110 Wis. 307, 85 N. W. 960. While these rules result practically in a relaxation of the master's duty and liability in the case of such simple tools, they are not at all in denial of the general underlying principle of the law of negligence that one who knowingly exposes another to a likelihood of injury is liable therefor, in the absence of consent by such other or of contributory negligence. As stated above, the relaxation of the master's duty and liability rests on the assumed equality of knowledge and ability to discover the defect complained of. It can have no application to a defect of which the master is

actually cognizant, and which, as a reasonable man, he should appreciate is likely to result in injury to one using the implement as it is likely to be used, and which is neither known to the employee nor of such a character as to be obvious to that observation which may be expected to accompany its use. In such case the general rule of negligence as above stated is fully effective, and the master who knowingly and negligently exposes his employee to a peril unknown to the latter must respond for the damage which results. *Vant Hul v. Great Northern R. Co.* 90 Minn. 329, 96 N. W. 789; *Johnson v. Mo. Pac. R. Co.* 96 Mo. 340, 9 S. W. 790; *Chicago, K. & W. R. Co. v. Blevins,* 46 Kan. 370, 26 Pac. 687; *Twombly v. Consolidated E. L. Co., supra.* In the case before us there was at least some evidence that the screw intended to move and hold the jaws of this wrench was so defective that it would not accomplish the latter purpose under pressure; that such fact was brought to the actual notice of the defendant's representative a week or ten days before; that it was not such as to be obvious to one attempting to use the wrench; that the wrench was expected to be used, as in this particular case, in tightening or loosening nuts upon running machinery with exposed gears, from all of which the jury might have considered it within the realm of ordinary expectation that, when so used, the jaws would be likely to part, allow the wrench to slip, and the hand of the operator to come in contact with moving parts of the machinery to his hurt. Hence we cannot say that as a matter of law there was no evidence to support liability for an injury so occurring.

3. The chief difficulty arises upon the appellant's contention that there is no finding that the defect in the wrench was the proximate cause of the plaintiff's injury. It should be remembered that the injury resulted directly from contact with an uncovered gearing, the presence of which was not only unlawful under sec. 1636*j*, Stats. 1898, and therefore negligent, but might also have been considered negligence on the part of

the defendant independently of such statute. In this situation the court submitted to the jury no question as to whether the defects in the wrench and absence of warning to the plaintiff were the proximate cause, but whether there was "any want of ordinary care on the part of the defendant which proximately caused the plaintiff's injury." This the jury answered "Yes." There was no instruction that they could so answer only in case they found the defect in the wrench to have been the natural and probable cause of the injury, but, on the contrary, they were instructed to answer affirmatively in case they so found, and, by separate and independent paragraph, also to answer "Yes" if they found there was any negligence on defendant's part which was the natural and probable cause. We think the conclusion irresistible that the jury might well have believed that the exposed gearing was an act of negligence on the part of defendant, and that it was the proximate cause within the definition given by the court. If so, concededly the defendant would not be liable, for the plaintiff had full knowledge of the exposure of this gearing, and had, doubtless, assumed any risk therefrom.

It is suggested that proximate causation of the injury by the defect in the wrench is so obvious that the court must declare it as matter of law. The legal proximate relation between cause and result involves so much of inference from the known characteristics of human nature, in deciding what is or should be within the reasonable anticipation of the ordinarily prudent and intelligent person under all the circumstances, that very rarely can that relationship be declared, at least in the affirmative, as matter of law. Doubtless there may be such cases, as where a railroad train breaks through a known defective bridge, or a pedestrian on a sidewalk steps into an obviously dangerous hole, or a surgical operation is negligently performed. *Allen v. Voje,* 114 Wis. 1, 17, 89 N. W. 924. In this case, however, while the actual causal relation is perhaps undisputed, we think it cannot be said as mat-

ter of law, although it might well be found as a fact, that one supplying such a defective wrench should, as an ordinarily prudent and intelligent man, anticipate the likelihood that it would be used in such a way as to cause injury. We are persuaded that was the question for the jury and has not been passed upon by this verdict, which therefore does not support the judgment for the plaintiff.

*By the Court.*—Judgment reversed, and cause remanded for new trial.