ISAACSON, Appellant, vs. WISCONSIN TELEPHONE COMPANY, Respondent.

*January 27—February 16, 1909.*

*Master and servant: Liability for injury from defective appliance.*

A platform four feet square with a rope at each corner by which it was to be tied at the proper height to projections on telephone poles was furnished by a telephone company to its cable splicer and his assistant, to be kept in their custody and used in their work. After it had been in use by them for several months one of the ropes parted, precipitating them to the ground, and the assistant was injured. *Held,* that the platform being a mere appliance, sufficient when furnished, and the extent of the wear and weakening of its ropes being better known to the employees who used it than to any one else, the employer was not liable.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action for personal injury arising under the following facts: Plaintiff was employed as helper or assistant cable

splicer, in which employment it was the duty of the splicer and himself to go about the system and splice cables, many of them at a considerable elevation, in which case the work had to be done on one of the telephone poles.    Among the appliances and tools furnished the two men to perform their work was a platform, about four feet square, with a rope about eight feet long through each corner thereof, which platform, when necessary, they hoisted to the proper height and tied, by means of the four ropes, to projections from the pole.    Plaintiff had been working at this kind of employment nearly four months, and as helper to the same splicer about three, when on the day in question they hoisted the platform to a height of about twenty-five feet, and the splicer secured it in position by tying the ropes to the iron steps in the pole, and undertook to perform certain work in splicing a cable.    The plaintiff, at the direction of the splicer, ascended the pole to aid in the work and took position with the former upon the platform. A few minutes thereafter one of the ropes parted and the two men were precipitated to the ground and injured.    The negligence claimed was in the failure to supply the plaintiff with a safe place to work, in that the rope which parted had become weakened and defective and not adequate to support the platform.    Some evidence was offered tending to show that said rope was old and weakened at the time of the accident. The platform had been in the manual care and possession of the two men throughout the entire time of plaintiff's employment as helper to this particular splicer, and of the latter for some time before.

At the close of the plaintiff's evidence the court, on motion, entered judgment of nonsuit, from which the plaintiff appeals.

For the appellant there was a brief by *Carroll & Carroll,* and oral argument by *W. J. Carroll.*

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *A. W. Fairchild.*

DODGE, J.    The platform in question was very obviously a mere appliance furnished to plaintiff and his co-worker to be retained by them in their possession like other tools and to be used when necessary in accomplishing the work on which they were employed.   *Goltz v. M., L. S. & W. R. Co.* 76 Wis. 136, 44 N. W. 752; *Van den Heuvel v. Nat. F. Co.* 84 Wis. 636, 54 N. W. 1016; *Hoveland v. Nat. B. Works,* 134 Wis. 342, 348, 114 N. W. 795; *Butler v. Townsend,* 126 N. Y. 105, 26 N. E. 1017; *Hutton v. Holdbrook, C. & D. C. Co.* 139 Fed. 734.    It differed in no degree from a ladder with which to accomplish similar work, nor in principle from the climbers to attach to their feet, or the other tools carried by them.    It was simplicity itself, at least with reference to the defect complained of.    A board platform with four pieces of rope in the corners, which ropes were handled and used by the employees every time they had occasion to use the platform, and of the extent of the use and wear of which they knew better than anybody else, obviously falls within the reason of the rule expressed in *Stork v. Charles Stolper C. Co.* 127 Wis. 318, 106 N. W. 841:

"This exemption [of the employer] from liability is, we believe, in all cases based upon the condition that the defect and peril are such that no superiority of knowledge in the master over the employee exists or can be presumed. . . . Another qualification of the master's liability indulged in case of such simple tools and appliances is exemption from a duty to inspect to ascertain the development of defects or disrepair in the course of their use, based also upon the assumption that such conditions are as much within the observation of the employees as of the master, if not more so."

Whether original insufficiency of so simple and commonly known an article as a piece of rope would cast liability on the employer need not be discussed, for the undisputed evidence excludes such situation.    This rope had been furnished and had proved sufficient for several months, during which had occurred, necessarily and of course, some measure of impair-

ment from exposure to weather and from friction and wear. The master, a corporation, having delivered this appliance over to the two men, plaintiff and another, to be kept in their custody and used by them, could gain information of the development of such a defect as the progressive impairment or weakening of the rope only through the eyes of those employees themselves.    They knew the extent and frequency of its use and could observe, as no one else could, the development of any such defect in any of the four ropes.    No distinction exists between this and the case of a weakened rung in a ladder, a worn handle or a loosened head of a hammer, or a dulled canthook or pinchbar, all of which have been held to fall within the rule above stated.    *Corcoran v. Milwaukee G. L. Co.* 81 Wis. 191, 51 N. W. 328; *Holt v. C., M. & St. P. R. Co.* 94 Wis. 596, 598, 69 N. W. 352; *Borden v. Daisy R. M. Co.* 98 Wis. 407, 74 N. W. 91; *Olson v. Doherty L. Co.* 102 Wis. 264, 78 N. W. 572; *Meyer v. Ladewig,* 130 Wis. 566, 110 N. W. 419.

The evidence failed to show any failure of duty on the part of defendant on which plaintiff can predicate liability to himself.

*By the Court.*—Judgment affirmed.