LEHMAN, Appellant, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Respondent.

*October 7—October 26, 1909.*

*Master and servant: Injury from defective tools: Simple tools: Duty to "inspect:" Contributory negligence: Questions for jury: Proximate cause: Special verdict: Presumption as to findings on omitted facts: Instructions to jury: Evidence: Immaterial errors.*

1. A pick or hammer used by locomotive firemen for breaking up coal and consisting of a wooden handle about three feet long inserted in an iron cross-head having a hammer face on one end and pick point on the other is a simple tool which the master is not bound to inspect to ascertain the development of defects or disrepair in the course of its use.

2. In an action by a locomotive fireman whose eye was injured by a piece of coal flying into it when he struck a large lump of coal with a pick or hammer which was defective by reason of its face having become worn and rounded by use, the question whether, in seizing the hammer and striking the blow without looking at it at all, the plaintiff exercised ordinary care, was a question of fact for the jury.

3. In the rule that a servant is not bound to *inspect* machinery and appliances furnished by the master, but may rely upon the master to furnish safe tools and appliances, the word "inspect" refers to a somewhat careful or critical examination; and a servant may be negligent in using a tool without even glancing at it, if, as a matter of fact, ordinarily prudent and careful persons are accustomed to look at such tools before using them under similar circumstances.

4. It cannot be held in such a case that because the servant did not know of a defect in the tool he could not have anticipated that an injury might result therefrom and therefore that his omission to look at it did not proximately contribute to an injury so resulting. He must be deemed to have known that which he would have learned had he exercised ordinary care.

5. It is not essential to the existence of a legal causal relation between a servant's negligence and an injury sustained by him that he should have anticipated the precise injury which occurred. It is sufficient if the negligent act was one from which an ordinarily prudent person might anticipate some injury to himself.

6. Whether findings in a special verdict, to the effect that a simple tool which a servant was using when injured was in a defective

condition and that such defective condition was the proximate cause of his injury, were sufficient or insufficient to convict the master of negligence, not determined.

7. If in such a case the special verdict was insufficient upon the question of defendant's negligence, the court, having rendered judgment for the defendant, will be deemed to have determined upon the evidence that defendant was not negligent. Sec. 2858m, Stats. (Laws of 1907, ch. 346).

8. An instruction to the effect that if the tool plaintiff was using was defective, and if by the exercise of ordinary care he "could" have examined it and observed its condition before using it, he was guilty of contributory negligence, was not erroneous because the word "could" was used rather than the words "ought to."

9. Instructions relative to a question upon which the jury found in appellant's favor cannot be assigned as error by him.

10. Appellant was not prejudiced by the admission of evidence relating to a question upon which the jury found in his favor and having no bearing upon any question upon which they found against him.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *W. H. Frawley & T. F. Frawley,* and oral argument by *T. F. Frawley.* They cited, among other cases, *Boelter v. Ross L. Co.* 103 Wis. 324, 79 N. W. 243; *Stork v. Charles Stolper C. Co.* 127 Wis. 318, 106 N. W. 841; *Dowd v. C., M. & St. P. R. Co.* 84 Wis. 105, 54 N. W. 24; *Hardt v. C., M. & St. P. R. Co.* 130 Wis. 512, 110 N. W. 427; *Polaski v. Pittsburgh C. D. Co.* 134 Wis. 259, 114 N. W. 437; *Horn v. La Crosse B. Co.* 123 Wis. 399, 101 N. W. 935; *Mauch v. Hartford,* 112 Wis. 40, 87 N. W. 816; *Ruscher v. Stanley,* 120 Wis. 380, 98 N. W. 223; *Hocking v. Windsor S. Co.* 125 Wis. 575, 104 N. W. 705; *Yazdzewski v. Barker,* 131 Wis. 494, 111 N. W. 689; *Bandekow v. C., B. & Q. R. Co.* 136 Wis. 341, 117 N. W. 812; *Bloor v. Delafield,* 69 Wis. 273, 34 N. W. 115; *Anderson v. Chicago B. Co.* 127 Wis. 273, 106 N. W. 1077; *Leque v. Madison G. & E. Co.* 133 Wis. 547, 113 N. W. 946; *Clemons v. C., St. P., M. & O. R. Co.*

137 Wis. 387, 119 N. W. 102; *Olwell v. Skobis,* 126 Wis. 308, 105 N. W. 777.

For the respondent there was a brief by *Bundy & Wilcox* and *James B. Sheean,* and oral argument by *R. P. Wilcox.* Besides other authorities, they cited *Poluckie v. Wegenke,* 137 Wis. 433, 119 N. W. 188; *Hyer v. Janesville,* 101 Wis. 371, 77 N. W. 729; *Klatt v. N. C. Foster L. Co.* 92 Wis. 622, 66 N. W. 791; *Holt v. C., M. & St. P. R. Co.* 94 Wis. 596, 69 N. W. 352; *Kucera v. Merrill L. Co.* 91 Wis. 637, 65 N. W. 374; *Reffke v. Patten P. Co.* 136 Wis. 535, 117 N. W. 1004; *Nass v. Schulz,* 105 Wis. 146, 81 N. W. 133; *Dean v. C. & N. W. R. Co.* 43 Wis. 305; *Goltz v. Milwaukee, L. S. & W. R. Co.* 76 Wis. 136, 44 N. W. 752; *McKeon v. C., M. & St. P. R. Co.* 94 Wis. 477, 69 N. W. 175; *Montanye v. Northern E. Mfg. Co.* 127 Wis. 22, 105 N. W. 1043.

TIMLIN, J. The complaint in this case averred that the plaintiff was a locomotive fireman in the employment of defendant. In the performance of such duty he was required to use a pick or hammer for the purpose of breaking the larger pieces of coal preparatory to putting the same in the fire box. In striking the coal with this pick or hammer a piece of coal flew into his eye and injured it. The pick or hammer was defective, in that the outer edges of its face had become worn and rounded from long continued use. The defendant failed in its duty to furnish the plaintiff reasonably safe tools and appliances. The jury found that the pick was in a defective condition and this defective condition was the cause of the plaintiff's injury, but that the plaintiff was guilty of a want of ordinary care which contributed to his injury.

1. Various errors are assigned by appellant, but, the verdict being in appellant's favor on all points submitted to the jury except his contributory negligence, only those alleged errors affecting the verdict and relating to contributory negli-

gence or bearing upon that issue can be considered prejudicial to the appellant. The accident occurred on March 7, 1907, prior to the time at which ch. 254, Laws of 1907, went into effect.

The pick or hammer is an implement having a wooden handle about three feet long inserted in an iron cross-head having a hammer face on one end and a pick point on the other end, and is in all respects a simple tool within the rule of *Meyer v. Ladewig,* 130 Wis. 566, 110 N. W. 419, and cases there cited. The hammer end of this pick originally presented a flat surface which had become battered and convex by use. Were the question properly before us, we would not be inclined to hold that the implement was unsafe or defective in this condition. But, the jury having found that the coal pick was in a defective condition at the time of the accident, the case will be decided upon the hypothesis that this finding is a verity. The third question of the special verdict finding the plaintiff guilty of contributory negligence must bar his recovery unless it ought to be set aside and the answer of the jury changed from "yes" to "no" because of lack of evidence to support such finding.

From the plaintiff's evidence it appears that at the time of the injury he was busy shoveling coal, and in so doing encountered a very large lump of coal which he tried to move with his shovel.

"That was the first time I thought of a coal pick, so I reached up to the usual place where coal picks are kept, right up handy on the right side of the engine—I always carry mine—used to. I reached up there and took the coal pick and got hold of the coal pick, and I struck the coal and was struck in the eye. I reached up on the right-hand side of the engine and got the pick and stepped down and struck it, and tried to break it so it would all come out. It could not come out the way it was. It was too big; too long; and the first blow I struck it flew up and struck me in the eye."

He had not prior to that time ascertained whether there was a pick on the engine or not, evidently presuming that the

engine carried a pick as usual, and he further testified upon cross-examination that he did not make any examination of the pick before he struck the coal, did not look at it at all, did not look to see what kind of a face it had on it, or whether it was a new pick or an old pick; just caught it up by the handle and took a swing at the coal. He was an experienced fireman, and claimed to know that picks of this kind so battered as to present a convex surface on the hammer end were apt to cause coal splinters to fly, but did not know that the pick in question was in this condition, and did not look at the pick for the purpose of ascertaining.

The question of the contributory negligence of one injured by the negligence of another is usually a question of fact. The question whether one seizing a pick, a hammer, or an ax, and striking a blow with it without even glancing at the condition of the implement, is in the exercise of ordinary care, seems to be peculiarly a question of fact for the jury. The more general rules that there is no duty on the part of the servant to inspect machinery and appliances furnished by the master, and that the servant may rely upon the master to furnish safe tools and appliances, do not at all conflict with this conclusion. Inspection means a somewhat careful or critical examination. *Armour v. Brazeau,* 191 Ill. 117, 60 N. E. 904; *Texas & Pac. R. Co. v. Allen,* 114 Fed. 177, 52 C. C. A. 133. Notwithstanding the servant may rely upon the master discharging his duty to furnish safe tools and appliances and is not called upon to *inspect* them before using, still, if as a matter of fact ordinarily prudent and careful persons are used to glance at the implement with which they strike before striking a blow under the circumstances in this case, and the plaintiff neglected to do so, and such neglect contributed to cause the injury in question, he may well be found guilty of contributory negligence.

It is said that contributory negligence must proximately have contributed to produce the injury complained of, and

no act or omission is the proximate cause of an injury unless the person guilty of the act or omission ought in the exercise of ordinary diligence to have anticipated that an injury might result; that, not knowing of the defect in question, the plaintiff could not have anticipated injury; and that his omission to look at the implement before using it, even if a lack of ordinary care, was not such lack of ordinary care as had legal causal relation to the injury. This is ingenious, but unsound. Knowledge which may be acquired by the exercise of ordinary care is for the purposes of this rule knowledge possessed. For all that plaintiff knew or tried to know, the pick head might be loose, or the handle might be broken, or he might have seized the wrong implement. It was not necessary that he should have anticipated the precise injury which occurred. If the act was careless and likely to result in some injury, that is sufficient. When the jury found the plaintiff lacking in ordinary care which contributed to the injury, they necessarily found that reaching for a tool or implement to its accustomed place, grasping it, swinging it up, and striking a blow with it without looking at the tool or implement was an act from which an ordinarily prudent person might anticipate some injury to himself. In other words, they found all the elements of fact which go to make up a case of contributory negligence. It could hardly be claimed that notwithstanding the duty of the master to furnish safe tools and appliances, and notwithstanding the right of the servant to presume that the master has performed his duty, the latter, although he may omit the more formal act of inspection, might also omit all usual and ordinary care.

2. The only facts found by the verdict relative to the negligence of the defendant were as follows: (1) The pick that plaintiff used at the time of the accident was in a defective condition; (2) such defective condition was the proximate cause of plaintiff's injury. We have seen that the

implement was one properly described as a simple tool. The verdict did not expressly find that the defendant knew or ought to have known of the defective condition of the pick, or any other fact or circumstance tending to show negligence on the part of the defendant, except that the tool at the time of the accident was in a defective condition and, by the second answer of the special verdict, that the defective condition of the pick was the proximate cause of plaintiff's injury. *Stork v. Charles Stolper C. Co.* 127 Wis. 318, 106 N. W. 841; *Meyer v. Ladewig,* 130 Wis. 566, 110 N. W. 419; *Isaacson v. Wis. Tel. Co.* 138 Wis. 63, 119 N. W. 804. If the verdict be in this respect insufficient, the court below having rendered judgment for the defendant, it must be considered that the court determined upon the evidence that the defendant was not negligent. Sec. 2858*m,* Stats. (Laws of 1907, ch. 346); *Bates v. C., M. & St. P. R. Co., ante,* p. 235, 122 N. W. 745. But we do not decide that these two findings were sufficient or insufficient to convict the defendant of negligence. If we assume as most favorable to the appellant and for the purposes of this decision that they were so sufficient, that is all appellant can ask.

3. Error is assigned upon the following instruction to the jury relative to the third question of the special verdict:

"By 'ordinary care' is meant such care as the great mass of mankind ordinarily exercise under the same or similar circumstances, and if you find the pick was defective, and further find that plaintiff by the exercise of ordinary care could have examined it and observed its condition before using it, then you must find this question in the affirmative, or, if you find that he was otherwise guilty of any want of ordinary care that contributed to produce his injury, then you will answer the question in the affirmative."

The principal criticism submitted is upon the use of the word "could." Appellant contends that the words used at this place should have been "ought to." But what one could

in the exercise of ordinary care do to avoid injury, that he ought to do; and one ought to do what he could in the exercise of ordinary care do to avoid injury. The instruction was not erroneous. It does not require the plaintiff to do all he could do to avoid the injury, but to do all that he in the exercise of ordinary care could do.

4. The instructions relative to what is meant by a defective condition cannot be assigned as error by the appellant because the jury found in his favor upon that point.

5. Error is assigned on the admission of the evidence of Edgell and McDonald. The former, after testifying that he used the same coal pick in cracking coal from the time the plaintiff was hurt until the train reached its destination, was asked: "Did you find any difficulty in using it for that purpose?" and he answered, "Not a particle." "Did you find that it caused you any more danger to break coal with that pick than any other pick that you had used for a similar purpose?" and he answered, "No, sir." McDonald, another witness, testified that he used the pick on the run next day, and was asked, "Did you find in the use of that pick that it increased any hazard of splinters flying from other picks that you had used?" to which he answered, "I couldn't see any difference in it to other picks." This testimony related to the question whether or not the pick was defective, thereby causing splinters of coal to fly. As we have seen, this finding was in favor of the appellant; consequently the appellant was not prejudiced by the admission of the evidence. It is suggested, however, that this evidence has some bearing on the question of the contributory negligence of the plaintiff. We think not. The plaintiff's contributory negligence, if it existed, and it was found by the jury to exist, consisted in reaching for the pick, swinging it up and striking a blow with it without even a glance at the pick to ascertain its condition.

*By the Court.*—The judgment of the circuit court is affirmed.