KOLASINSKI, Administratrix, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*September 13—October 3, 1916.*

*Master and servant: Negligence: Injuries: Simple tools: Federal and state statutes: Safety of working place: Special verdict: Immaterial questions: Instructions to jury: Harmless errors.*

1. A hammer or maul, the breaking of the handle of which resulted in injury to an employee, is *held* upon the evidence in this case to have been a simple tool which the employer was not bound, in the exercise of ordinary care, to inspect or test; and the evidence is further *held* to sustain a finding by the jury that the defect in said handle was not observable by the exercise of ordinary care.

2. Where an action for injuries to a railway employee is governed by the federal Employers' Liability Act, the safe-place rule under the state statute is inapplicable.

3. Where in an action for injuries to an employee the absence of actionable negligence on the defendant's part is established by the evidence and verdict, questions of the special verdict relating to proximate cause and to damages are immaterial, and errors in the submission of such questions or in the instructions relating thereto are not prejudicial to plaintiff.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This action was brought to recover damages resulting from personal injuries sustained by plaintiff's intestate while in the employ of the defendant and for damages sustained by plaintiff because of the death of her husband which resulted from such injuries. The injuries causing death were occasioned by a hammer or maul head striking deceased while being used by another employee of defendant. The case was tried to the court and a jury and a special verdict returned. Upon the established facts the court below ordered judgment dismissing the complaint upon the merits with costs.

Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *Paul R. Newcomb,* of counsel, and oral argument by *Mr. Newcomb.*

For the respondent there was a brief by *C. H. Van Alstine* and *H. J. Killilea,* and oral argument by *Mr. Killilea.*

KERWIN, J. 1. It is established by the verdict that the plaintiff's husband was injured while in the employ of the defendant in interstate commerce; that the death of plaintiff's husband resulted in part by reason of the injuries sustained while in the employ of the defendant; that the defendant was not negligent in failing to provide plaintiff's husband with a reasonably safe place to perform his work, considering the nature of the work in hand; that there was a defect in the handle of the maul; that the defect in said handle was not one observable by the exercise of ordinary care; that the defendant was not negligent in permitting the use of said maul at the time deceased was injured; that the injuries sustained by deceased did not result in whole or in part from the negligence of any employee of the defendant

in using said maul; and that the deceased was not guilty of any want of ordinary care which proximately contributed to his injury. The foregoing findings are well supported by the evidence.

2. Error is assigned on the following instruction:

"In reference to your answer to the ninth question, I charge you that the hammer handle in question which broke is what in law is termed a 'simple tool' and that the defendant was not bound, in the exercise of ordinary care, to inspect or test said handle."

There was no error in giving this instruction. The undisputed evidence shows that the hammer or maul was a simple tool, therefore there was no duty upon the part of defendant to inspect. *Badger v. Janesville C. Mills*, 95 Wis. 599, 70 N. W. 687; *Stork v. Charles Stolper C. Co.* 127 Wis. 318, 106 N. W. 841; *Meyer v. Ladewig*, 130 Wis. 566, 110 N. W. 419; *Lehman v. C., St. P., M. & O. R. Co.* 140 Wis. 497, 122 N. W. 1059. Moreover, the jury found upon sufficient evidence that the defect in the handle of said maul was not observable by the exercise of ordinary care.

Counsel for appellant also invokes the safe-place doctrine under the state statute, but since the case is one falling under the federal act the state statute is not applicable.

Error is also assigned on the submission of questions 2, 3, and 4 of the special verdict. Questions 2 and 3 do not relate to negligence of the defendant, but to the question of damages, and since no actionable negligence was shown they are immaterial. Question 4, which inquired whether the death of the plaintiff's husband resulted in whole or in part by reason of the injuries, was also immaterial.

Error is assigned on the instruction relating to the burden of proof on the question whether the injuries were the proximate cause of deceased contracting diphtheria. Since the answer to this question was immaterial the instruction was not prejudicial.

Some other errors are assigned which are wholly unnecessary to consider and immaterial in view of the fact that no negligence was shown on the part of the defendant.

*By the Court.*—The judgment is affirmed.