Louisville, Evansville & St. Louis Con. R. R. Co.

v.

Harriet J. Allen, Administratrix.

*Railroads—Negligence of—Defective Claw-Bar—Injury to Section Hand—Assumption of Risk—Notice to Employer.*

1. An employe, who, knowingly, continues the use of a defective tool without complaint, no promise to repair the same having been made, assumes the risk attending such use.

2. If such tool, originally in good condition, becomes unsafe through use, a person injured while using the same, in order to recover, must show that his employer or some person whose duty it was to report to him, was informed of such condition.

3. It would have been sufficient, if notice had been brought to the attention of the section foreman, in the case presented.

[Opinion filed June 26, 1893.]

APPEAL from the Circuit Court of Jefferson County; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Mr. C. H. PATTON, for appellant.

Messrs. W. T. PACE and GEORGE B. LEONARD, for appellee.

MR. JUSTICE SAMPLE. Edward M. Allen, the deceased, had been in the employ of appellant from August, 1890, until his injury in December, 1890, from which injury it is alleged he died in February, 1891.

He worked on a section of appellant's road, under foreman Small. At the time of his injury he was attempting to pull a spike from a tie with a claw-bar, an iron instrument, a tool, about five or six feet in length, weighing about twenty-five pounds, the claw of which, when he threw his weight on the bar, slipped from the head of the spike and struck him, as alleged, on the left side of the head, producing, as claimed, the injury which resulted in death.

The negligence alleged, is that the claw-bar was improperly constructed for that purpose, and was out of repair.

The appellee obtained judgment for the sum of $3,000, from which this appeal is prosecuted, and the principal ground relied upon for a reversal is that the judgment is not sustained by the evidence.

We have read this record carefully, and our conclusions are that the evidence shows, first, that at the time of the employment of deceased the claw-bar complained of was in

use; second, that the deceased and others continued to use it, without complaint of its being defective in any respect; third, that it was of standard make, and of a kind in common use; fourth, that the nicks in the lips of the claw, near the end, did not materially affect its use or render it unsafe; fifth, that as no complaint was made of the condition of the claw-bar, no promise was made to the deceased that it would be repaired or a new one obtained to induce him to continue its use; sixth, that if the claw-bar was defective or dangerous, the deceased knew it as well as any one. These findings of facts under the evidence in this record require us to reverse this case.

The evidence is undisputed, that the claw-bar was of standard make and as safe as any other kind in use. In this respect, then, the appellant had complied with the law and performed its duty toward the deceased. If the claw-bar thereafter became unsafe, notice of the fact must be brought to the attention of some one, whose duty it was to report the fact to appellant, in order to hold it liable for an injury arising therefrom.

In this case it would have been sufficient, if notice had been brought to the attention of the section foreman. There is no proof that any of the men using this claw-bar made complaint to him or in his presence, that it was unsafe, and there is no proof of the facts from which he should have inferred that it was dangerous. It is evident that neither he nor the men on the section thought it was unsafe, even after the accident; for they used it thereafter just the same as before.

It was almost as simple a tool as a hammer, and required no particular skill to determine its condition, and therefore the men knew, just as well as the section foreman, whether it was dangerous or not. There was no proof of a promise to repair the claw-bar to induce the deceased to continue its use. The evidence of the appellee in rebuttal, as to what the section foreman is claimed to have said when visiting the deceased during his illness, was not original evidence of such fact, and is not affirmative proof, as counsel well under-

stood, or they would have introduced that evidence in chief. If the claw-bar was unsafe, the appellee's decedent knew it, and continued to work with it without complaint, and therefore, under the law, assumed voluntarily whatever hazard there was in its use. The Penn. Co.v. Lynch, 90 Ill. 333; Missouri Furnace Co. v. Abend, 107 Ill. 44. The judgment is reversed without remandment, on the finding of facts that will be incorporated in the final order.

*Judgment reversed.*