### BAUMWALD v. TRENKMAN.

(Supreme Court, Appellate Term. May 5, 1904.)

1. MASTER AND SERVANT—ASSUMPTION OF RISK—SIMPLE APPLIANCE—PROMISE TO REMEDY DEFECT—SERVANT'S CONTINUANCE IN EMPLOYMENT.

   A servant, whose duty it was to wheel coal in a wagon, complained that one of the axle pins was coming out, and threatened to leave his employment if it were not repaired, whereupon the master told him to go on with his work, that the wagon would be repaired, and that he, the master, would be responsible for any accident to the servant. There was nothing complicated in the structure of the wagon, and the wheels and everything connected therewith were in plain sight. Held, that the servant, by thereafter remaining in the master's employment and using the wagon, assumed the risk of any injury from the defect complained of.

2. SAME—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

   In an action by a servant for injuries, evidence held insufficient to show that he was injured owing to a wagon breaking down while he was pushing it, and falling on his foot.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Benjamin Baumwald against August Trenkman. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Nadal & Carrere (Edward P. Mowton, of counsel), for appellant.
Bernard Nreibart, for respondent.

FREEDMAN, P. J. This action is for damages for personal injuries alleged to have been received by the plaintiff through the negligence of the defendant. The plaintiff was the only witness called in his own behalf, and the judgment in his favor rests upon his unsupported testimony alone. The defendant called but one witness, and his statement as to how the accident happened is irreconcilable with that of the plaintiff.

The plaintiff was in the employ of the defendant, and one of his duties was to wheel coal and ashes. For this purpose he used an iron wagon or car running on three wheels, each about six inches in diameter, one on each side of the car and one in front. The axle on which

the side wheels turned was so placed that the center of the car was just in front of it. The rear of the car was sloped upwards and backwards from this axle, so that the coal or ashes could be readily shoveled out. Plaintiff claims that on the day before the accident he observed that the axle pin holding the right wheel was coming out, and that he complained to the defendant, and said if it was not repaired he would quit work. He says that the defendant told him to go on with the work, that the wagon would be repaired, and that he (defendant) would be responsible for any accident that would happen to the plaintiff. He then swears that on the next day, while he was pushing the wagon along the street to the place where the ashes were to be dumped, the right wheel came off, and the wagon fell upon his foot, causing the injury complained of. There is no testimony in the case showing why the wheel came off. No claim is made that anything broke or gave way, or that the car was not suitable for the purpose for which it was used, nor does it appear that the pin in the axle came out. The pins used were of the ordinary split-pin variety, and could not come out unless broken, and there is no evidence to that effect, or from which it might be inferred that such was the fact. There was nothing complicated in the make-up of the wagon used; the wheels and everything about it were of the plainest character, and in plain sight. For anything that appears, the wagon was safe and suitable to work with.

The respondent claims that this case falls within the rule laid down in Rice v. Eureka Paper Co., 174 N. Y. 385, 66 N. E. 979, 62 L. R. A. 611, 95 Am. St. Rep. 585, and Obanhein v. Arbuckle, 80 App. Div. 465, 81 N. Y. Supp. 133, holding that a servant who continued to use defective tools and appliances, in reliance upon the master's promise to remedy the defects and to compensate him for any injuries he may sustain by reason thereof, may maintain an action for damages for such injuries. We think the case at bar is distinguishable from these cases, as the article used by the plaintiff herein brings the case within that class where it has been held that in the case of simple appliances and conditions the servant continues the employment at his own risk, notwithstanding the master's promise to repair or improve (Marsh v. Chickering, 101 N. Y. 399, 5 N. E. 56; Hannigan v. Smith, 28 App. Div. 178, 50 N. Y. Supp. 845), and that doctrine was cited with approval in Rice v. Eureka Paper Co., 174 N. Y. 397, 66 N. E. 979, 62 L. R. A. 611, 95 Am. St. Rep. 585.

Moreover, the judgment should be reversed for the reason that the plaintiff has failed to sustain the burden of showing that the accident was caused by any negligence on the part of the defendant, for the following reasons: (1) The plaintiff is directly contradicted as to the manner in which the accident occurred by the defendant's witness, who testified that the plaintiff sustained his injuries by tipping the car over, and in so doing it fell upon his foot. (2) His own testimony as to how his injuries were received is of inherent improbability. He swears that he was pushing the car along the street to the place where he wanted to dump the ashes. Evidently the car was loaded. He must necessarily have been required to use considerable power to force the car ahead, and in so doing his foot must have been at a considerable distance behind and away from the axle and bottom of the car, and his relative

position to the car such that it would have been a physical impossibility for the accident to have occurred as he said it did. Had the wheel fallen off the axle and the car dropped, it could not have struck his foot if he was in the position he described as being in, viz., that of pushing the car ahead.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event.

LEVENTRITT, J., concurs. GREENBAUM, J., concurs in result.