## CHRISTIAN DESSECKER v. PHŒNIX MILLS COMPANY. [1]

### July 6, 1906.

#### Nos. 14,801—(122).

**Master and Servant—Inspection of Ladder.**

> Where an ordinary ladder, furnished by the master to his servant with which to perform his duties, is sound and in good condition for use when so furnished, no duty thereafter rests upon the master to inspect the same from time to time for the purpose of ascertaining whether, from its ordinary use, it has become out of repair. At least, no such duty rests upon the master as to a servant who is thoroughly familiar with the use of such an instrumentality.

Appeal by plaintiff from an order of the district court for Hennepin county, Frederick V. Brown, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*F. H. Dittenhoefer* and *Ludvig Arctander,* for appellant.

*Cobb & Wheelwright,* for respondent.

BROWN, J

Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant, in which the trial court directed a verdict for defendant, and plaintiff appealed from an order denying a new trial.

The facts are as follows: Defendant owned and operated a flour-mill in the city of Minneapolis, which was under the control and management of a superintendent. The building was a five-story structure, and the mill was operated continuously day and night. In January, 1905, plaintiff entered its employ and was assigned the duty, among others, of caring for and oiling the machinery situated on the fifth floor. He continued in this service until the time of the accident in March, 1905, except for the period of about one week, during which the mill was shut down. He was supplied by defendant with an ordinary ladder for use in his work, to enable him to reach portions of the machinery requiring frequent oiling which were be-

1 Reported in 108 N. W. 516.

yond his height. The ladder was about twelve feet long and was supplied with iron brads or pegs at the bottom, placed there to prevent it from slipping on the floor when in use, the floor being more or less saturated with oil and very slippery. On the night of March 22, 1905, while attempting to oil a part of the machinery under his care, and in the due performance of his duties, to reach which he was required to use the ladder, the ladder slipped from under him, and he was thrown violently to the floor and injured. The slipping of the ladder was caused by the absence of one of the brads at the bottom, which had in some manner been removed. It was not defectively constructed, and, for aught that appears from the record, was in good condition for use when plaintiff entered defendant's service. Plaintiff brought this action for damages on the claim that defendant was chargeable with negligence in not furnishing him with a safe instrumentality with which to perform his work, and it is contended that the evidence was sufficient to take the case to the jury upon the question whether defendant performed that duty. The theory of the court below in directing a verdict against plaintiff was that the evidence failed to make out a case of negligence, and, in any event, that plaintiff was guilty of contributory negligence.

We are of opinion that the trial court correctly disposed of the case. There is not sufficient evidence upon which to predicate a finding of negligence against defendant.

The ladder in question, it is true, was supplied with brads at the lower end for purposes of safety, to prevent it from slipping on the floor when in use, and it is also true that, at the time of the accident, one of the brads was missing, and solely because of its absence the injury complained of was caused. But there is no evidence that defendant knew of this condition of things, and the facts disclosed are not such as to impute to it notice of the defect, nor was it chargeable with the duty to inspect the same. A ladder of the character of this one is not a complicated instrumentality, nor were there any latent defects in the construction of the one in question. It is a simple appliance, to which the rule requiring the master to inspect for the purpose of discovering possible defects caused by its use does not ordinarily apply. The rule can have no application to the facts here shown. Plaintiff was an experienced workman in this line of

employment. He had been engaged in it nearly all his life, and entered defendant's service after long experience in oiling mill machinery, and with a thorough understanding of his work and the nature and manner of its performance. He had used this particular ladder every day for about two months, and had found it, on all occasions except the one in question, in good condition. By what means, or for what reason, the brad came out of the bottom immediately previous to the accident is not made to appear, though it is probable that it became loosened by its ordinary use. An inspection of the ladder, which was produced in court, disclosed no defect in the material, no natural decay or wear, and no reason is shown to justify the conclusion, either by a jury or the court, that defendant owed plaintiff, a well-informed and experienced workman, the duty of inspecting the same. The least effort on his part would have disclosed the defect, and we conclude that, on the evidence presented, the question whether defendant was chargeable with negligence was one of law for the trial court, and that it properly resolved it in favor of defendant. Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56; Cahill v. Hilton, 106 N. Y. 512, 13 N. E. 339, Meador v. Lake Shore, 138 Ind. 290, 37 N. E. 721, 46 Am. St. 384; Borden v. Daisy, 98 Wis. 407, 74 N. W. 91, 67 Am. St. 816.

The rule requiring the inspection by the master of simple and commonly understood instrumentalities furnished his servant is discussed by Mr. Justice Elliott in Koschman v. Ash, supra, page 312, 108 N. W. 514. The authorities are there reviewed, and the rule there laid down applies to the case at bar.

For the reason that defendant owed plaintiff no duty to inspect the ladder in question—the only defect complained of being that it was out of repair, not that it was in a defective condition when originally furnished for use—no actionable negligence is shown, and the order appealed from is affirmed.

Order affirmed.