# EMIL H. ANDERSON v. FRED JOHNSON COMPANY.[1]

November 10, 1911.

Nos. 17,367—(38).

**Injury to servant — assumption of risk — judgment for defendant.**

In this, a personal injury action, *held:*

1. The evidence does not show that the plaintiff was injured by reason of any negligence on the part of the defendant.

2. The evidence shows that the injury resulted through a risk assumed by the plaintiff in using a simple appliance in its then obvious condition, or from a lack of ordinary care on the part of the plaintiff.

3. Under the evidence, the defendant is entitled to judgment notwithstanding the verdict.

Action in the district court for Clay county to recover $2,000 for personal injuries. The answer to the amended complaint was a general denial. The case was tried before Johnson, J., and a jury which returned a verdict in favor of plaintiff for $1,200. From an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed.

*Charles W. Farnham, C. G. Dosland* and *O'Brien, Young & Stone,* for appellant.

*William Russell* and *Peterson & Adams,* for respondent.

SIMPSON, J.

This is an appeal from an order denying defendant's alternative motions for judgment notwithstanding the verdict or for a new trial.

Plaintiff had a verdict for $1,200 for personal injuries sustained under the following circumstances: The defendant had the contract for painting and finishing a building. Plaintiff, a man twenty-two years of age, an experienced painter, was in defendant's employ. Plaintiff and another employee, in order to paint a porch ceiling, erected a scaffold by resting a plank on two stepladders placed twelve

[1] Reported in 133 N. W. 85.

or fifteen feet apart. The defendant had for use in the work several stepladders. Plaintiff procured, from a room in the building, and placed one of the two stepladders used in erecting the scaffold. He saw no other stepladder not in use. Plaintiff and his companion commenced painting from this scaffold. There was considerable bending and springing of the plank, due to the weight and movement of the men on it. In twenty or thirty minutes the stepladder placed by the plaintiff tipped over. Plaintiff was thrown to the floor and injured.

This stepladder did not differ in its plan of construction from the other ladders in use. It was somewhat loose at the jointed part. A rope was attached to the legs of the stepladder to prevent them spreading beyond a certain distance. There was no appliance on the ladder to prevent the legs from coming together. The ladder, at the time of or immediately prior to the accident, did not break or give way in any part. Some stepladders, when used as this ladder was being used in a scaffold, "walk" or "creep"—that is, the motion of the plank resting on the ladder will cause the legs of the ladder to work together. If the ladder is standing on a smooth floor, the weight upon the plank causes the legs to slip apart again; but on a rough surface the legs may gradually approach until the ladder falls. The porch floor upon which this stepladder was standing was cement. Some ladders have a tendency to "creep" when new. Others develop this tendency after use. The evidence tends to show that the tendency of a stepladder to "creep" is not discoverable by an inspection when not in use. Both the plaintiff and the defendant, upon the argument, accepted this as a fact. Plaintiff looked at the ladder when he put it in use, to see that it was a proper ladder and that it would stand up. In carrying the ladder and putting it in the scaffold, he closed and opened it, and then noticed that it was not hard to pull the legs apart. From observations made after the accident, it appeared that this stepladder would "creep." The evidence does not show that the defendant knew, or in any way had his attention called to the fact, that this ladder had a tendency to "creep." The defendant did not direct the use of this ladder on the porch, and was not present while it was being so used. Con-

cerning these material facts there is no substantial conflict in the evidence.

These facts do not show any negligence on the part of the defendant causing plaintiff's injury. A stepladder was a usual and proper support for the kind of scaffold plaintiff assisted in erecting. It is a simple appliance, understood, not only by painters, but by every person of ordinary experience. The condition of this particular ladder was apparent to the plaintiff. There was no concealed defect in its construction. That it was somewhat loose at the top was obvious. This looseness indicated as much to the plaintiff as it would to the defendant. It does not appear that the fact that this particular ladder had a tendency to "creep" was known to, or was ever in any way called to the attention of, the defendant. Nor does it appear that the defendant was in any way negligent in not discovering it. Such tendency, under the evidence, is discoverable by use, and not by an inspection while out of use. The opportunity of the plaintiff, therefore, to discover and know the exact nature of the appliance he was using, was not only equal, but much superior, to the opportunity of the defendant. The plaintiff, not the defendant, selected this ladder for use on this particular floor in the manner in which it was being used.

It is certain that a long plank resting near its end on two stepladders will, if continually springing up and down, either slip on the ladders or cause the ladders to move on the floor. If the roughness of this particular floor prevented the ladder from being reextended by the weight upon it, the plaintiff, and not the defendant, had an opportunity to know and observe such fact. The defendant was not present while the ladder was being used. Neither under the rule applicable to simple appliances, nor under the general rule requiring reasonable inspection from time to time, would these facts show that plaintiff's injury resulted from a failure on the part of the defendant in any duty owing to the plaintiff.

On the contrary, it appears that the plaintiff, a painter experienced in the use of stepladders and scaffolds, selected this ladder for use in a scaffold, and placed it upon a cement floor with a long plank extending from it to the other supporting stepladder. The plaintiff

and another worked from this plank. Their movements thereon caused the plank to bend and spring to a considerable extent. This motion of the plank gradually brought the ladder placed by the plaintiff into an unstable position. The plaintiff, when he placed the ladder, opened it as wide as the attached rope would permit. Once while working on the scaffold he went down this ladder and up again. He did not look at the ladder, and did not see that the legs were moving together. He had knowledge of the exact condition of the ladder, a simple appliance, and had an opportunity to observe its action while being used on this floor. The accident resulting to the plaintiff, if not attributable to lack of ordinary care on the plaintiff's part, is due to a risk assumed by plaintiff in using a simple appliance in its then obvious condition.

These facts appearing without substantial conflict in the testimony, the defendant is entitled to judgment notwithstanding the verdict. The order of the trial court denying defendant's motion for judgment is reversed.