## JOSEPH H. FISCHER v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

December 22, 1922.

No. 23,164.

**Assumption of risk in use of simple tool.**

1. An employe ordinarily assumes the risks in using a simple or common tool which is defective. But, where he complains of the defect and the employer promises to remedy it, the employer assumes the risks pending the fulfilment of the promise.

[1]Reported in 191 N. W. 262.

**Employe's complaint of the defect.**

2. It is not necessary for the employe to assert expressly that he makes the complaint because of danger to himself. The fact that he complains is sufficient unless the circumstances justify the employer in believing that the element of danger is waived.

**Effect of employer's promise to remedy it in the future on condition.**

3. Where the employer, instead of promising to remedy the defect immediately, promises to do so on the happening of a certain event in the future, he assumes the risk pending the fulfilment of the promise.

**Question of risk in this case for the jury.**

4. Whether plaintiff assumed the risk in the present case was a question of fact for the jury.

Action in the district court for Goodhue county to recover $30,000 for injuries received while in defendant's employ. The answer alleged that the injuries were due solely to the negligence and want of care on the part of plaintiff. The case was tried before Johnson, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $3,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall,* for appellant.

*Samuel A. Anderson* and *P. B. Green,* for respondent.

TAYLOR, C.

This is an action for personal injuries in which plaintiff had a verdict and defendant appeals from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff was a pipe fitter in defendant's shops at Austin, Minnesota, and at the time of the accident was engaged in repairing the air hose on a locomotive employed in interstate commerce. A Stillson or pipe wrench which he was using slipped, causing him to fall in such a manner that he sustained an injury to the lower part of his spine. The teeth of the wrench had become worn and blunt, and the action is based on the claim that defendant had failed in its duty to furnish plaintiff a safe and suitable tool with which to

do his work. The court submitted to the jury the question whether defendant was chargeable with negligence and the question whether plaintiff has assumed the risk.

Plaintiff had been in the employ of defendant in this same line of work for about 3 years. Whenever the teeth of his Stillson wrench became worn and blunt from use he procured an order from the foreman and presented it to the local storekeeper of the company and obtained a new one. The teeth of the wrench in question became worn, and he procured an order from the foreman which he presented to the storekeeper, saying that the old wrench was worn out and he wanted a new one. The storekeeper replied that he had none on hand, but would give him one as soon as they came in. About a week later he procured another order from the foreman which he presented to the storekeeper and received the same reply as before. He continued work with the old wrench and a few days later the accident happened.

Defendant insists that as the wrench was fit and suitable when originally furnished and was a common and simple tool, plaintiff assumed the risks attending its use. It is well settled that an employe ordinarily assumes the risks incident to the use of simple or common tools, and that the employer owes no duty to inspect such implements for the purpose of discovering and remedying defects resulting from their use in the customary manner. Koschman v. Ash, 98 Minn. 312, 108 N. W. 514, 116 Am. St. 373, and the numerous cases which follow and apply the principle there stated. And defendant insists that the rule suspending the assumption of risk where an employe, who has complained that an appliance or instrumentality is defective, continues to use it in reliance on a promise of the employer to remedy the defect, does not apply where the defect is in a simple or common tool. Authorities are cited sustaining this claim. Webster Mnfg. Co. v. Nisbett, 205 Ill. 273, 68 N. E. 936; Standard Oil Co. v. Helmick, 148 Ind. 457, 47 N. E. 14; Turkey Foot Lbr. Co. v. Wilson, 182 Ky. 42, 206 S. W. 14; McGill v. Cleveland & S. W. Traction Co. 79 Oh. St. 203, 86 N. E. 989, 19 L. R. A. (N. S.) 793, 128 Am. St. 705; Ernst v. Chicago Great Western R. Co. 105 Kan. 706, 185 Pac. 1053.

This court has never extended the simple tool doctrine to include such cases. There was no promise to remedy defects in any of the cases in which that doctrine has been applied in this state. While the question may not have been passed upon directly, this court seems to have taken it for granted that the promise of the employer to repair a common tool or implement relieved the employe from assuming the risk of injury in using it while waiting for the repairs.

In Koschman v. Ash, 98 Minn. 312, 108 N. W. 514, 116 Am. St. 373, the court observed that the employe had not complained of the condition of the hammer there involved. In De Greif v. Northwestern Knitting Co. 106 Minn. 15, 118 N. W. 558, 119 N. W. 956, it is said "that in the absence of complaint to the master and of promise on his part to remedy," the servant assumes the risk incident to the use of common tools in a defective condition. In Schlitz v Pabst Brewing Co. 57 Minn. 303, 59 N. W. 188, the driver of a delivery wagon complained that it was defective. He was told to use it that day and they would give him another the next day. He used it and was injured. The court remarked that both employer and employe knew the condition of the wagon equally well, and that ordinarily the risk would have been assumed by the employe, but held that under the circumstances the risk was assumed by the employer. In Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357, 104 Am. St. 665, plaintiff, a painter engaged in painting a bridge, complained that the block or pulley furnished him had only a single stationary hook and ought to have double hooks, and defendant promised to furnish one with double hooks. It was held that plaintiff was relieved from the assumption of the risk in using the block with a single hook while waiting for the one with double hooks. In Brown v. Musser-Sauntry L. L. & Mnfg. Co. 104 Minn. 156, 116 N. W. 218, the plaintiff was furnished a short-handled ax with which to knock out the grab hooks in unloading logs, and asked for a long-handled one which was promised. It was held that the employer took upon himself for a reasonable time the risk of accident from the use of the short-handled one. The claim that the rule did not apply in the case of simple or common implements

does not seem to have been discussed in any of these cases, although the use of such an implement was one of the factors in the case.

This claim received extended consideration by the Iowa court in Swaim v. Chicago, R. I. & P. Ry. Co. 187 Iowa, 466, 174 N. W. 384, in which the authorities were considered, and it was held both on authority and on principle that the rule that a promise to repair transferred the assumption of the risk from the employe to the employer applied in the case of simple or common tools or implements the same as in other cases. That case like the present case involved liability under the Federal statutes, and an application to review the decision by certiorari was denied by the United States Supreme Court. Chicago, R. I. & P. Ry. Co. v. Swaim, 252 U. S. 577, 40 Sup. Ct. 344, 64 L. ed. 725. Cases arising under the Federal statutes are governed by the rules applied by the Federal court, and, so far as we are aware, that court has not made the distinction urged by defendant. Seaboard Air Line Ry. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. ed. 1062, L. R. A. 1915C 1, Ann. Cas. 1915B, 475. We are satisfied to concur in and follow the rule adopted by the Iowa court and apparently not disapproved by the United States Supreme Court, that a workman who complains of a defective implement and receives a promise to remedy the defect is exempt for a reasonable length of time from the assumption of the risk incident to the use of the implement in its defective condition, although it may be a simple or common tool. There may be exceptions to this rule, but we think the present case falls within the rule.

Defendant also insists that the promise to furnish a new wrench did not suspend the assumption of the risk, for the reason that plaintiff did not report that there was danger of injury in using the old one but merely that it was worn out. In considering a similar question in Rothenberger v. Northwestern Consolidated Milling Co. 57 Minn. 461, 59 N. W. 531, the court said:

"Positive assertions and statements of this character are not absolutely necessary. According to the best-considered cases, the real question to be determined is whether, under all the circumstances, as they appear in each case, the master had a right to believe, and

did believe, that the servant intended' to waive his objection to the defect of which he has complained. This is a question of fact, not of law, and consequently for the jury, at least if not entirely free from doubt."

Defendant also insists, in effect that, where the employer promises to remedy a defect on the happening of a certain event in the future, the risk remains upon the employe until such event happens as there is no promise to remedy the defect prior thereto, and the employe cannot take such a promise as the equivalent of a promise to remedy the defect within a reasonable time. We are unable to sustain this claim on either principle or authority. While some authorities support it, the decided weight of authority is to the contrary. Morgan v. Rainier B. L. Co. 51 Wash. 335, 98 Pac. 1120, 22 L. R. A. (N. S.) 472, and the cases cited in the note to this case in 22 L. R. A. (N. S.) 472. Although this court has recognized the rule that a promise to make repairs or to remedy a defect transfers the assumption of the risk of injury from the employe to the employer for only a reasonable time, yet it has also said that "a reasonable time within the meaning of this rule, is any period which does not preclude all reasonable expectations that the promise may be kept." Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357, 104 Am. St. 665. Whether the employe assumed the risk from which his injury resulted is ordinarily a question of fact for the jury. It becomes a question of law for the court only where the established facts are conclusive. We cannot say that the established facts in the present case are conclusive, and the question was for the jury. It was properly submitted to them and we find no sufficient ground for disturbing their verdict.

Order affirmed.