## NICK MOLLOCK v. GREAT NORTHERN RAILWAY COMPANY.[1]

### February 13, 1925.

### No. 24,380.

**Defect in shovel was equally apparent to laborer as to master, and latter was not liable for resulting infection.**

An employer furnished its employe, a section man, a shovel having a handle which, from service, was rough, checked, cracked and had slivers. In using it he scratched and blistered his hand. Infection followed. *Held* that, since the shovel was a simple tool and the defect was of the peculiar character mentioned in the opinion, the employe had equal knowledge thereof with the employer. Actionable negligence did not exist.

*Headnote 1. See Master and Servant, 26 Cyc. p. 1217.

Action in the district court for St. Louis county to recover $2,900. The case was tried before Hughes, J., and a jury which returned a verdict for $1,250. From an order denying its motion for judgment

[1]Reported in 202 N. W. 49.

notwithstanding the verdict or for a new trial defendant appealed. Reversed.

*F. G. Dorety, A. L. Janes* and *Baldwin, Baldwin, Holmes & Mayall,* for appellant.

*Austin, Austin & Wangensteen,* for respondent.

WILSON, C. J.

Plaintiff was employed by defendant as a section laborer. It furnished him a shovel having a handle which was rough, checked, cracked and had slivers. The condition of the handle caused his hand to become scratched and blistered. It became a serious injury by reason of infection. The suit was brought for damages suffered by reason of the alleged failure of defendant to furnish a safe, simple tool to be used in the work. Plaintiff was given a verdict for $1,250. Defendant has appealed from an order denying its alternative motion for judgment or for a new trial.

Do the facts support the claim of actionable negligence on the part of the defendant? A shovel is the simplest tool and commonly used by unskilled labor. The shovel was suitable for use as a shovel, unless the condition of the handle may be said to have rendered it unsafe for use. The employer's duty does not require inspection of simple tools, for the purpose of discovering and remedying defects resultant from their use in the customary manner. The employer is bound to use reasonable care in providing safe tools for the use of the employe. Fischer v. C. M. & St. P. Ry. Co. 154 Minn. 78, 191 N. W. 262.

The condition of this shovel handle was the result of service. Its condition, because of the common character of a shovel handle must be presumed to be known to all men alike. Certainly the employer has no knowledge, superior to the knowledge of the man who uses a shovel, that such condition requires attention. Plaintiff had full knowledge of the condition of the handle. He was engaged in the very work where this handle had become deformed and abnormal in service. He was in a position to discover the condition, as he did, and we are of the opinion that the alleged defects were of such character that he, himself, could and should have readily removed

them, so far as they made the tool dangerous to use, by means of a common pocket knife or otherwise. It is difficult to grasp the logic offered in support of this verdict. A shovel is a tool of the simplest structure. It is in the class with the hoe, rake, spade, pitchfork and the common ax. No machinery is involved in such tools. Their operation requires no great skill. There are no elements of complication either in construction or in use. Nothing is involved to even invoke the curiosity of the employe so as to persuade him to make any explorations of his own initiative. It is intelligible in all its parts or elements to the dullest intellect. In fact the handle is a mere stick of wood. These defects were open to anyone's observation and their riddance was within the power of the employe without expense. Defects of this character, that do not go to the fitness of the tool to do the work for which it is made, and which are readily and easily removed by the employe himself, cannot be made the basis of actionable negligence on the part of the employer. An accident from such condition of the shovel handle is possible, as demonstrated by this case, but it is of such chance character that we do not think that defendant is bound to anticipate it. In Fischer v. C. M. & St. P. Ry. Co. supra, the wrench was not suitable to do the work of a wrench, but in the present case the instrumentality was suitable to do the work of a shovel, and a trivial defect on the handle was something the employe, himself, could care for, while in the Fischer case the employe could not have removed from the wrench the inherent defect rendering it unsuitable for service.

In matters of this character the employe, being in every way on an equal footing with the employer, must recognize a reciprocal duty to the employer. Both had equal knowledge of the defects. The situation is not changed, where such a tool is involved, by the employe making complaint and the employer assuring him that other shovels had been ordered and would arrive in a few days. That which was not negligence in itself cannot be made negligence by such action. In fact, in tools of this character, the law does not recognize any liability arising out of such condition, hence, there

being no risk to assume, the risk cannot be transferred from the employe to employer as was done in the Fischer case.

A hired man on a farm, who uses agricultural implements in his work, with which he is familiar, cannot have a claim for negligence against his employer if, in using such tool which he knows to be defective, he is accidentally injured. He cannot say that the employer has any better knowledge than he.

It is doubtful if there is a case identical with this in the books, but there are authorities to support the principles involved. Dresser, Employers' Liability, § 112; Barrows, Negligence, § 47; Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56; The Webster Mnfg. Co. v. Nisbett, 205 Ill. 273, 68 N. E. 936; Meador v. Lake Shore & Michigan So. Ry. Co. 138 Ind. 290, 37 N. E. 721, 46 Am. St. 384; Baumwald v. Trenkman, 88 N. Y. Supp. 182; 26 Cyc. 1210, note 42.

Reversed.