### NICK WALIMAA v. JOHN MAKI AND OTHERS.[1]

May 29, 1925.

No. 24,605.

**Absence of handrail in enclosed stairway of inn not actionable negligence.**
    The absence of handrails from an ordinary interior stairway, walled on both sides, is not actionable negligence.

    1. See Innkeepers, 32 C. J. p. 562, § 70.

Action in the district court for St. Louis county. The case was tried before Grannis, J., who directed a verdict in favor of defend-

[1]Reported in 204 N. W. 25.

ant Levin. Plaintiff appealed from an order denying his motion for a new trial as to Levin. Affirmed.

*Victor E. Essling* and *Boyle & Montague,* for appellant.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for respondent Levin.

STONE, J.

This action for personal injuries, originally against defendant Levin, as owner and lessor, and defendants Maki and Rautilla, as lessees, of the building in question, was dismissed during the trial as to the lessees. A verdict was directed in favor of defendant Levin and plaintiff appeals from the order denying his motion for a new trial.

The injuries sustained by plaintiff were the result of his falling on an interior, walled stairway in the Star Hotel in Duluth. There was no handrail on either side of the stairs and that is the only charge of negligence now before us. The hotel is on the second floor and is reached from the street entrance by the stairs in question, which are about 4 feet wide and near the top make an abrupt turn to the left. The landing at this turn is square and between it and the second floor are only 3 or 4 steps.

The plaintiff became a guest at the hotel during the afternoon, remained in his room a few hours and had the misfortune to fall when he was going out to get his evening meal. His story of the occurrence is this:

"I walked down the three top stairs and there was a floor; I got down the three top steps pretty good and I turned around that corner there and that first step   *   *   *   and I keep my foot there; it is dark, you know; I couldn't see very good, and I fall down and I get my hands out there and take hold of it on the left side first on the handrail and I ain't got that, and turn around with the hand on the right side and I ain't find anything there going sideways; I don't know anything more after that."

He was rendered unconscious and remained so for sometime. His injuries were serious.

If it may be negligence not to have any rail at all on such a stairway, already guarded on both sides by the walls, then it may be negligence also (although 50 per cent less so), to have a rail on one side only. The difference is one of degree. The books contain no case, at least counsel have found none, holding that negligence may be predicated upon the omission of handrails. Interior, walled stairways are probably made as frequently without as with handrails. Such prudence as is exercised by the ordinary man for the protection of his own folks so often omits them as to prevent judges and juries from branding that omission as actionable negligence.

The situation is somewhat akin to that presented by the simple appliance cases, illustrated by Dessecker v. Phoenix Mills Co. 98 Minn. 439, 108 N. W. 516, and Anderson v. Fred Johnson Co. 116 Minn. 56, 133 N. W. 85. One takes whatever risk attends his use of the thing with so simple, usual and obvious an omission as that of a handrail.

The closest approach to an authority for plaintiff is North German Lloyd S. S. Co. v. Roehl (Tex. Civ. App.) 144 S. W. 322, 324, where there was sustained a finding of negligence depending upon the absence of a handrail from the smooth walls of a toilet-room on an ocean-going ship. The result was referred especially to the "high degree of care that is required by law of a carrier of passengers." Aside from that controlling consideration, its facts were so different as to deprive the case of effect on this. Neither does Barrett v. Lake Ontario Beach Imp. Co. 174 N. Y. 310, 66 N. E. 968, 61 L. R. A. 829, indicate a similar result here. There, a person fell to his death through the railing surrounding the 25 foot high platform of a water toboggan slide. The duty to provide an *adequate* guard against just such a casualty was clear and the mere fact that a patron, while using the slide and without fault on his part, fell through the railing, was quite persuasive of a negligent defect. Anyway it was held, and very properly, to be a question of fact whether the owner was negligent.

Very different considerations apply to ordinary stairways, even those used largely by the public. There is always the added risk attending a stumble or fall. As between short and long stairways

the difference in risk is not in quality, but solely in quantity. Yet in Chapman v. Clothier, 274 Pa. St. 394, 397, 118 Atl. 356, it was held that no inference could be drawn that the absence of a handrail from a three-foot flight of steps "created an unsafe condition;" and that was said with respect to an injury resulting from the use of the steps by one invited to use them, a customer of the department store wherein they were.

In arriving at the result, we have allowed full effect to the argument that the stairway offered the main access to an eleven-room hotel or lodging house, and that the public were invited to use it for that purpose. We have assumed, without deciding, that the case is one where, if there had been negligence in the respect claimed, defendant Levin, the owner and lessor, would have been liable. By way of limitation, we observe that different or additional considerations may apply in the case of some stairways, of a still more public nature, where the frequent presence of a jostling throng might easily make it at least a question of fact whether a due regard for safety might require a handrail not alone on one but both sides.

Order affirmed.