## JOHN THOMPSON v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

October 23, 1925.

No. 24,785.

**Evidence sufficient to show defect in clawbar.**

1. Proof that the jaws of a clawbar were flattened from use and had acquired a quarter of an inch too much spread, *held* sufficient to show a defect resulting in injury to plaintiff while using the tool.

**Rule of simple instrumentality cases inapplicable in emergency work at night.**

2. The clawbar was selected by the foreman and furnished to the plaintiff in the night time for emergency work. Plaintiff may have been prevented by the circumstances from making even a casual inspection of the tool before proceeding to use it. In such a situation the rule of the simple instrumentality cases does not apply.

1. See Master and Servant, 26 Cyc. p. 1447.
2. See Master and Servant, 26 Cyc. p. 1098.

---

2. See notes in 13 L. R. A. (N. S.) 668, 687; 40 L. R. A. (N. S.) 832;

[1]Reported in 205 N. W. 439.

51 L. R. A. (N. S.) 337; L. R. A. 1918D, 1141; 18 R. C. L. pp. 563, 564; 3 R. C. L. Supp. p. 824; 5 R. C. L. Supp. p. 992.

Action in the district court for Goodhue county to recover for personal injuries. The case was tried before Johnson, J., and a jury which returned a verdict for plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Briggs, Weyl & Briggs,* for appellant.

*Thomas Mohn* and *O. B. Strand,* for respondent.

STONE, J.

Action for personal injuries wherein there was a verdict for plaintiff. Defendant appeals from the order denying its alternative motion for judgment or a new trial.

Plaintiff is a section hand and sustained injuries while assisting in repairing track after a wreck. He was pulling spikes with a clawbar which, according to his story, was defective in that the claws were flattened and had too much spread—he says a quarter of an inch too much—the result being that it slipped from the head of a spike thereby precipitating him to the ground, his hand being caught between the heavy bar and a rail. The result was a severe and painful laceration of a finger.

The first question is whether there is sufficient evidence to support the verdict insofar as it depends upon proof of a defect in the tool. We think there is. There is proof that, through use, the claws had become not only spread but flattened in a manner to lessen substantially, not only the facility of procuring a hold upon the head of a spike, but also to increase the hazard of a premature letting go of such a hold if procured.

The next question arises upon defendant's claim that in any event there is no liability because of the rule of the so-called simple instrumentality cases. See Koschman v. Ash, 98 Minn. 312, 108 N. W. 514, 116 Am. St. 373; Anderson v. Fred Johnson Co. 116 Minn. 56, 133 N. W. 85; Kromer v. M. St. P. & S. S. M. Ry. Co. 139 Minn.

424, 166 N. W. 1072, and Mollock v. G. N. Ry. Co. 162 Minn. 90, 202 N. W. 49. Under that rule no duty rests upon an employer to inspect simple and common tools for defects arising from their use. Like every other rule of law it has no application to a case from which there is absent its controlling reason. The reason for this rule is that the servant ordinarily selects the tool or at least has as good or a better opportunity for inspection than the master. That is not the case here, for the section crew had a number of clawbars at their disposal and the evidence warrants the inference that some of them had become defective through use and had been discarded.

The section foreman testified, in substance, that the ordinary life of a clawbar was not over three or four years and that he made a practice of "laying the old ones aside and of getting new ones all of the time * * *. Sometimes the men told me they were defective and we put them aside because we have plenty of bars to do the work." Just before the accident plaintiff had not been using a clawbar; he had been shoveling cinders. He was put at the new work somewhat suddenly, in the night time and by lantern light which, although the best available, was by no means a brilliant illumination. The clawbar was selected for use and furnished by the foreman. He had no choice in the matter and, because of the circumstances, may have been prevented from making even that ordinary inspection which a workman is apt to make before using for the first time a new tool. For these reasons we hold that the rule of the simple instrumentality cases does not apply.

There is some merit in the assignment of error to the effect that a tumor found in plaintiff's arm in the region of the biceps very shortly after the accident is not shown to have been the result thereof. But in view of the proof that there was nothing wrong with the member before the accident, that there had been no previous symptoms, and medical testimony indicating that the tumor may have been the result of the injury to the hand, we have concluded that a reversal upon this ground alone is not warranted.

Order affirmed.