MARIAN S. JACKSON v. CHICAGO GREAT WESTERN
RAILROAD COMPANY.[1]

November 6, 1925.

No. 24,740.

**Spout hook on tender of locomotive not within rule of simple appliance.**

1. A spout hook, 6 or 7 feet long, furnished by a railroad and placed on the tender of an engine before it started on its trip, intended for the use of the fireman in pulling the spout from the standpipe in filling the tank with water, is not within the simple tool or appliance rule, so as to relieve the railroad from liability for an injury caused by a defect therein discernible on inspection.

**Finding not required by evidence that plaintiff assumed risk.**

2. The evidence did not require a finding that the plaintiff assumed the risk in using the hook which was placed on the tank for his use, though he knew of a defect in it.

**Finding sustained that injury to fireman resulted from defective spout hook.**

3. The evidence sustains a finding that the defendant furnished the plaintiff, a road fireman, with a defective spout hook, as the result of which his injury occurred.

[1]Reported in 205 N. W. 689.

**Verdict for $10,000 not excessive.**

    4. The verdict is not excessive.

    1. See Master and Servant, 26 Cyc. p. 1216.
    2. See Master and Servant, 26 Cyc. p. 1478.
    3. See Master and Servant, 26 Cyc. p. 1447.
    4. See Damages, 17 C. J. p. 1112, § 444.

---

    1, 2, 3. See notes in 13 L. R. A. (N. S.) 668; 40 L. R. A. (N. S.) 832; 51 L. R. A. (N. S.) 337; L. R. A. 1918D, 1141; 18 R. C. L. pp. 653, 654; 3 R. C. L. Supp. p. 824; 5 R. C. L. Supp. p. 992.

    4. See note in L. R. A. 1915F, 30; 8 R. C. L. p. 674; 2 R. C. L. Supp. p. 638; 5 R. C. L. Supp. p. 480.

Action in the district court for Hennepin county to recover for personal injuries. The case was tried before Bardwell, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Briggs, Weyl & Briggs* and *A. V. Junkin,* for appellant.

*George C. Stiles* and *F. M. Miner,* for respondent.

DIBELL, J.

Action to recover damages for personal injuries sustained by the plaintiff while employed by the defendant railroad company in interstate commerce. There was a verdict for the plaintiff and the defendant appeals from the order denying its alternative motion for judgment or a new trial.

The plaintiff was a fireman on an interstate freight train. At Readlyn, Iowa, the engine took water. In pulling the spout from the standpipe to the manhole in the tank the plaintiff fell to the ground and was injured. The negligence charged is the furnishing of a defective hook for use in pulling the spout.

Regularly the supplyman placed on the tender before it left the yards a clinker hook, used in cleaning the grates in the firebox, and a spout hook, used in drawing the arm from the standpipe over to the manhole in the tank. The plaintiff's claim is that there was

furnished him a clinker hook, and that in lieu of the regular spout hook he was given a clinker hook which had been shortened by cutting off a portion, and that the bent portion or hook was burned and scaled and about an inch from the extreme end had a crack, and that as he pulled the arm the hook broke and loosened and he was precipitated to the ground, the hook with him.

1. It is the contention of the defendant, apparently not much urged at the trial, that the spout hook was a simple tool or appliance and that the defendant was not negligent in respect of it. It relies particularly upon the late case of Mollock v. G. N. Ry. Co. 162 Minn. 90, 202 N. W. 49, where a shovel was involved. And Koschman v. Ash, 98 Minn. 312, 108 N. W. 514, 116 Am. St. 373, (hammer); Anderson v. Fred Johnson Co. 116 Minn. 56, 133 N. W. 85 (stepladder); and Kromer v. M. St. P. & S. Ste. M. Ry. Co. 139 Minn. 424, 166 N. W. 1072 (wrench), are cited in support. Many applications of the rule are to be found in the notes in L. R. A. 1918D, 1141; 51 L. R. A. (N. S.) 337; 40 L. R. A. (N. S.) 832; 13 L. R. A. (N. S.) 668, 687.

The simple tool rule does not apply. The plaintiff did not select the hook. It was furnished him for use and the company owed the duty of ordinary care in furnishing a reasonably safe one. There may have been some duty of the plaintiff to inspect, but a failure to do so did not relieve the defendant, and at most was contributory negligence which would reduce damages. A case of value is Thompson v. C. G. W. R. Co. 164 Minn. 494, 205 N. W. 439, where it was held that a claw-bar furnished a section man for removing spikes, defective because there was too much spread in the prongs, was not within the rule.

2. It should not be held as a matter of law that plaintiff assumed the risk. He knew that there was a defect in the burnt end of the hook just as he was about to use it. Whether he knew the danger and appreciated the risk, and so assumed it, was for the jury.

3. The more important question is whether the accident happened as the plaintiff claims, and whether the defendant was negligent at all.

The plaintiff's testimony is positive that the hook was made from a clinker hook by cutting it off and shortening it; and that the bent end or prong broke as he was pulling the spout and he fell with it. The engineer and the head brakeman did not see the hook on the ground. It is not accounted for. The head brakeman fired the engine after the accident, took water, and says that the usual spout hook was on the tender. The testimony of the engineer accords. There is evidence that when the engine left the yards it was supplied with a clinker hook and spout hook. The jury could have found, would have been well justified in finding as we read the evidence, that the case of the plaintiff, in the features essential to a recovery, was a made one. It did not. The trial court, better placed than this court to value testimony and to judge the accuracy of the jury's work, was not of the view that the verdict was so without support that a new trial should be granted—even as a matter of discretion. We cannot say, as a matter of law, that the plaintiff's testimony is false. If true a case is made. Upon a new trial, upon the same evidence, there would be a case for the jury.

4. The verdict was for $10,000. The plaintiff was 34 years old. He had been a fireman several years. He was well on his way to employment as an engineer. He was earning about $2,200 a year. He was disabled from all work for $16\frac{1}{2}$ months in which time his wages would have amounted to $2,900. He suffered considerably. The bones about the ankle of his left foot were fractured. There was an attendant wasting of the muscles of the left leg. He wears a steel and leather brace. The injury is permanent and there is evidence that he will have but 50 per cent capacity. His work as a trainman appears to be at an end. We cannot hold the verdict excessive.

Order affirmed.

QUINN, J. (dissenting.)

I dissent. To my mind, the verdict is so palpably and manifestly against the weight of evidence that it was an abuse of discretion on the part of the trial court to deny a motion for a new trial.

STONE, J. (dissenting.)

In my opinion, the case for plaintiff is so obviously a "made one" that it was an abuse of discretion not to grant a new trial. Everything in the case, except plaintiff's own testimony, is against him. Most persuasive perhaps is the testimony of engineer McGrath who says that, as plaintiff was sitting on the ground immediately after his fall, he explained the accident thus: "I was pulling the spout around and the hook slipped off and I fell off the tank." That testimony together with brakeman Russie's that he immediately took plaintiff's place as fireman, found a spout hook (not a clinker hook) on the tank, used it and there was nothing wrong with it, shows that the proof against plaintiff was carried almost to the point of demonstration.

True, plaintiff has suffered an industrial accident and should have compensation. But, in approving such verdicts by the denial of a new trial, judges are supplying the lack of a compensation law by putting a premium on perjury and the subornation of it. I question whether the result is a service to the state. It seems rather that the encouragement of criminality is so great that the net result is a great disservice—a detriment to public morals and the cause of truth and justice which more than offsets the gain arising from compensating the plaintiff—through the all too expensive and economically indefensible means of a lawsuit. Moreover, in proportion as courts encourage the procuring of workmen's compensation through perjury, they postpone the day when all workmen injured by industrial accidents can procure compensation as they are entitled to procure it, automatically, speedily and honestly.

Of course the issue is for the jury ultimately. But for obvious reasons it should take more than one verdict to accomplish the purpose of such transparent fiction as we have here.

I am not at all unmindful of the great weight which attends the confirmation of a verdict by the trial judge, expressed by his denial of a new trial. And if in this case by a single word of memorandum, or even passing comment, the learned trial judge had indicated the presence of any circumstance, not reflected by the record, going to

support plaintiff's testimony, I would not for a moment entertain a disagreeing thought. But there is no explanation of the trial court's denial of a new trial. There is no suggestion of any evasion, contradiction or other discrediting circumstance attending the testimony of the several witnesses who so flatly contradicted plaintiff. There is nothing which enables an impartial reviewer of the testimony to arrive at any conclusion other than that the verdict "is most manifestly and palpably against the weight of evidence" and that in consequence a new trial should have been granted. Ohlson v. Manderfeld, 28 Minn. 390, 10 N. W. 418.

We have no right here to find the facts one way or the other. Our only function is to determine whether the trial court has exercised judicial discretion, there being none other for him to exercise. The rules for the exercise of that discretion are well summarized by Mr. Dunnell, from decisions of this and other courts, as follows:

"In passing on a motion for a new trial on this ground [insufficiency of evidence] it is the duty of the [trial] court to weigh the evidence and not to adopt inconsiderately the opinion of the jury. Every motion of this kind is addressed largely to the sound discretion of the trial court, and is to be determined with reference to promoting the interests of substantial justice, as disclosed upon a view of the whole case. Its right decision often involves an inquiry into the credibility of witnesses, the weight of oral testimony, and whether the verdict was influenced by any surrounding circumstances likely to affect the result." Dun. Dig. § 7145.

I am dissenting in this case because I cannot escape the conclusion that the verdict of the jury was confirmed "inconsiderately," and that the order appealed from evidences an unjustified declination by the trial judge of his duty, so obviously present, to make "an inquiry into the credibility of the witnesses, the weight of oral testimony, and whether the verdict was influenced by any surrounding circumstances likely to affect the result." "The interests of substantial justice" are not served, and cannot be served, by condoning disregard of obvious truth, even in a cause having the ethical

merit that is present here. The injured plaintiff is not the only one to be considered. The interests of society require that adjudication be kept as far as possible upon the basis of truth. So it is but plain judicial duty to discourage, wherever the opportunity presents itself, the obtaining of verdicts by false testimony.

Except for the fact that here the plaintiff is morally entitled to compensation for his injury, the verdict is much more inconsistent with the record than was the verdict, approved by the trial court but set aside here, in Re Estate of Murphy, 148 Minn. 480, 181 N. W. 320. There it was considered that the record presented "such serious doubt of the correctness of the jury's verdict" that it was an abuse of discretion of the trial court to deny a new trial.

On November 20, 1925, the following opinion was filed:

PER CURIAM.

On motion for reargument counsel for defendant object to the statement in the opinion that their contention that the spout hook was a simple tool or appliance and that the defendant was not negligent in respect of it was "apparently not much urged at the trial." We have re-read the record. The quoted phrase might well have been omitted. It is alleged in the answer that the hook was a simple tool. We do not find that the matter was referred to in the charge, or in a request to charge, or that it was mentioned on the motion to dismiss or to direct a verdict, and the appeal was taken before the decision in the Mollock case upon which counsel greatly rely. However, the question was in the case, was properly urged and had consideration; and the phrase used should not be taken as minimizing its effect or reflecting a lack of its consideration.

Upon reading again the evidence we are confirmed in our view that the hook was not within the simple tool rule. The evidence does not present a case where the employe selects the tool from others at hand. The hook was put upon the tender by other employes of the defendant, and was to be used by the brakeman when occasion arose to take water. Then it was at hand on the tank and

he had no choice of selection or rejection. It may be said that all the members of the court are in accord in the view that the simple tool rule does not apply, and agree that the questions of assumption of risk and contributory negligence were for the jury.

The motion for reargument is denied.