HELEN MOZEY v. WALTER ERICKSON.[1]

January 30, 1931.

No. 28,110.

A. M. Gunn and Dean L. Fowler, for appellant.
C. V. White and Lena Brown, for respondent.

WILSON, C. J.

Plaintiff appealed from an order granting defendant judgment non obstante pursuant to the usual alternative motion.

Plaintiff was employed by defendant to do cleaning work in a house into which he was about to move. On Monday and Tuesday she used a stepladder on which was a little platform to hold a pail of water and from which ladder she cleaned walls. Wednesday morning when she came to work the stepladder had been taken away and another one without such platform was furnished for her use. She took the stepladder from where it was leaning against a wall, moved it to where she wished to use it, placed it as she saw fit, and with a pail of water, rags, etc. she proceeded to climb the ladder. At the third step the ladder collapsed, and she received a broken leg and was seriously injured.

Defendant put in evidence a stepladder which was identified by several witnesses as the one plaintiff was using when injured.

[1]Reported in 234 N. W. 687.

Plaintiff's counsel conceded that if the stepladder so produced was the one used there was no liability. Plaintiff denied that this was the stepladder. The jury accepted plaintiff's version, so we must deal with the situation as plaintiff detailed it.

The stepladder had no brace or contact between the two legs of the ladder to keep them from coming together nor to keep them from spreading apart. The record is indefinite as to whether the stepladder had the usual equipment to keep the two legs from unduly sliding forward. The fall was occasioned by the spreading apart of the two legs on the supporting side of the ladder. The stepladder had two swinging free legs. This case does not involve latent defects. The absence of the usual braces and supports was obvious. No actionable negligence may be predicated upon a master's failure to warn a servant of risks or dangers obvious to a person of ordinary intelligence. Hetager v. Moran, 168 Minn. 491, 210 N. W. 390, 864.

A stepladder is one of the most simple appliances in general use. Its use is necessarily attended with some danger. The necessity of the two legs' being firmly braced is a matter of common knowledge, and it would seem particularly within the knowledge of persons engaged in work involving the use of such contrivance.

A stepladder is not a complicated instrumentality. It was styled a simple appliance in Anderson v. Fred Johnson Co. 116 Minn. 56, 133 N. W. 85. In Dessecker v. Phoenix Mills Co. 98 Minn. 439, 108 N. W. 516, an ordinary 12-foot ladder was termed a simple appliance. If a stepladder is a simple appliance, it comes within the simple tool doctrine and the employer owes no duty to inspect the same. Fischer v. C. M. & St. P. Ry. Co. 154 Minn. 78, 191 N. W. 262; Mollock v. G. N. Ry. Co. 162 Minn. 90, 202 N. W. 49; Koschman v. Ash, 98 Minn. 312, 108 N. W. 514, 116 A. S. R. 373; Dessecker v. Phoenix Mills Co. 98 Minn. 439, 108 N. W. 516.

While some courts claim a stepladder as a part of the plant and others a place to work, we are of the opinion that because of the foregoing and following authorities we should hold as we do that a stepladder is a simple appliance and comes within the simple tool

doctrine. 8 Minn. L. Rev. 625; 1 Bailey, Personal Injuries (2 ed.) § 161, p. 356; Sheridan v. Gorham Mfg. Co. 28 R. I. 256, 66 A. 576, 13 L.R.A.(N.S.) 687, and note; Sivley v. Nixon M. D. Co. 128 Tenn. 675, 164 S. W. 772, 51 L.R.A.(N.S.) 337, and note. It follows that defendant's negligence has not been established.

Affirmed.