# RALPH DALLY, A MINOR, BY A. L. BLID, HIS GUARDIAN AD LITEM, v. R. H. WARD AND ANOTHER.[1]

February 21, 1947.

No. 34,306.

*A. D. Bornemann,* for appellant.

*Lyman A. Brink* and *Day, Lundberg & Stokes,* for respondents.

[1]Reported in 26 N. W. (2d) 217.

Loring, Chief Justice.

This was an action to recover for personal injuries suffered by plaintiff while employed by defendants on their 1,400-acre farm in Kittson county, Minnesota. Defendants had a verdict, and plaintiff appeals from an order denying his motion for new trial.

At the time he received his injury, plaintiff was about one month over 19 years of age and had been employed by defendants during parts of the farming seasons of 1942, 1943, and 1944. In the first of these seasons he had been employed in picking potatoes, but for much of his time in 1943 and 1944 he had been employed with farm machinery. For three or four weeks during those farming seasons he was engaged in repairing such machinery. In 1944 he spent approximately a month and a half in such repair work. On August 9 of that year he was engaged in attaching an hydraulic hoist to a farm truck. In the process of this work it became necessary to insert a steel shaft through four bearings or boxes in order to attach the hoist to the frame of the truck. There was no difficulty in inserting the shaft through the first three of these bearings, but when the end of the shaft reached the fourth box there was difficulty in driving it through that box. It became necessary to drive or pound the other end of the shaft to complete the process of forcing it through the fourth box. One of the defendants had been engaged in tapping or pounding upon the shaft with an ordinary two-pound hammer in order to drive it through this fourth box. After becoming somewhat fatigued, he asked plaintiff to continue the process. Shortly after plaintiff started to tap or pound the end of the shaft, a chip of steel flew off the hammer and struck plaintiff in the eye. As a result, he lost the eye.

There was no evidence in the record that either of the defendants knew that the hammer was defective or that it had crystallized so as to be likely to chip as it did. The defense set up was the "simple tool" doctrine, as announced in Koschman v. Ash, 98 Minn. 312, 108 N. W. 514, 116 A. S. R. 373, and numerous subsequent cases.

■ The principal questions presented are whether that doctrine applies to the situation here under consideration and whether the

jury was justified by the evidence in finding a verdict for defendants. In Kromer v. M. St. P. & S. S. M. Ry. Co. 139 Minn. 424, 427, 166 N. W. 1072, 1073, this court quoted from the opinion in Koschman v. Ash, *supra,* as follows:

"* * * When the appliances or machinery furnished employees are at all complicated in character or construction, the employer is charged with the duty of making such reasonable inspection as is necessary to detect defects. *But the master is under no duty to inspect simple or common tools, or to discover or remedy defects arising necessarily from the ordinary use of such instruments."* (Italics supplied.)

In the Kromer case, this court further said (139 Minn. 427, 166 N. W. 1073):

"Under the rule, no liability rests on the master for the ordinary perils resulting from the use of common, simple tools, nor for those latent and usual defects or weaknesses, which, by reason of the character of the appliance, are presumed to be known to all men alike."

It is difficult to conceive of a tool which is simpler than a hammer. It was such a tool that was involved in the Koschman case. Neither in that case nor in the case at bar was the hammer manufactured by defendants, as was the tool involved in Vant Hul v. G. N. Ry. Co. 90 Minn. 329, 96 N. W. 789, or in Morris v. Eastern Ry. Co. 88 Minn. 112, 92 N. W. 535, where the defect was in the making of the tool. For cases involving simple tools, see Dessecker v. Phoenix Mills Co. 98 Minn. 439, 108 N. W. 516; Anderson v. Fred Johnson Co. 116 Minn. 56, 133 N. W. 85; Mozey v. Erickson, 182 Minn. 419, 234 N. W. 687; Mollock v. G. N. Ry. Co. 162 Minn. 90, 202 N. W. 49. In the case at bar, there was abundant evidence to support a finding that the use to which the hammer had been put was ordinary and proper and that defendants had no knowledge whatever of any defect in it or that there had been crystallization because of use, although it was a hammer they had owned for some years and one which had been put to considerable service during that time.

■ Plaintiff invokes the protection of Minn. St. 1945, § 182.01, which provides among other things that no tool of any description shall be used when it is known to be cracked or otherwise defective. As stated above, the evidence would not support a finding that either of the defendants knew of any such defect.

■ Nor does plaintiff's age bring him within the rule of Minn. St. 1945, § 182.09, applicable to children under 16.

■ The exceptions to the charge require no discussion. Plaintiff's requests, so far as they were proper, were covered by the general charge. Our discussion of the "simple tool" doctrine disposes of the requests not covered.

Order affirmed.