# BERTHA PERSON v. DAY OKES AND ANOTHER.[1]

October 17, 1947.

No. 34,440.

*Randall, Smith & Blomquist* and *I. E. Krawetz,* for appellant.
*Sexton & Kennedy,* for respondents.

PETERSON, JUSTICE.

Plaintiff sues defendants, her employers, to recover damages for personal injuries sustained as the result of a fall from a small step

[1]Reported in 29 N. W. (2d) 360.

stool on which she had been standing, which she alleges was caused by a leg giving way because an angle iron fastening the leg to the top of the stool came unfastened.

The questions for decision are: (1) Whether the simple tool doctrine applies where the master has knowledge of a defect in a tool or instrumentality used by his servant and the servant does not and where the defect is of such a character as not to be obvious from observation ordinarily accompanying its use; (2) whether the simple tool doctrine applies to a small step stool; and (3) whether evidence to the effect that the owner discarded an instrumentality permits an inference that she did so because it was defective and that she was aware of that fact, where the uncontradicted and unimpeached testimony is to the effect that the instrumentality was in perfect condition.

There is a conflict in the evidence as to whether the instrumentality used by plaintiff was a small stepladder or a step stool, but upon the argument the parties apparently agreed that it was the latter.

The accident occurred on September 7, 1942, while plaintiff was standing on the step stool taking down some curtains in a breakfast room. Defendant Erma Okes had instructed plaintiff to take down the curtains, but she did not direct her to stand on the stool or to do the work in any particular way.

The stool, which was about 2½ feet high, consisted of a top about 8 inches wide by 10 or 12 inches long supported by four legs attached to the underside of the top by means of two angle irons running from the front to the rear. One flange of each angle iron was fastened flush to the underside of the top, and the other extended downward. The legs were attached to the downward flanges. Between the front legs and attached thereto were steps. The front and rear legs on each side were braced by means of an iron strip. There were places for two rungs between the rear legs, but apparently one rung was missing and the other was broken.

As a consequence of the fall, plaintiff landed on top of the stool. After the accident, the rear left leg was turned out at an angle of

about 15 degrees, and the rear part of the angle iron fastening the leg to the underside of the top was pulled from the top so that the angle iron was at the same angle as the leg. Apparently the part of the angle iron to which the left front leg was attached remained straight and fastened.

There was no evidence that anyone had observed prior to the accident that the angle iron had become unfastened. Plaintiff and defendant Erma Okes had used the stool over a considerable period without mishap. Mrs. Okes testified that the stool was in "perfect condition" and that she discarded it because she feared that someone standing on the top might fall, not because it was defective. Plaintiff contends that an inference that the angle iron was unfastened is permissible from the fact that Mrs. Okes discarded the stool and that her reason for doing so was that she knew of that defect.

The trial court directed a verdict for defendants upon the authority of Mozey v. Erickson, 182 Minn. 419, 234 N. W. 687.

■ A master is bound to exercise ordinary or reasonable care and diligence in keeping instrumentalities used by his employes safe by inspection and repair. An exception to this rule is the so-called simple tool doctrine, under which there is no duty on the part of the master to inspect and to discover defects, if any, in simple tools and instrumentalities the use of which is attended ordinarily with no danger and to warn the servant thereof. Dally v. Ward, 223 Minn. 265, 26 N. W. (2d) 217; Kromer v. M. St. P. & S. S. M. Ry. Co. 139 Minn. 424, 166 N. W. 1072; Koschman v. Ash, 98 Minn. 312, 108 N. W. 514, 116 A. S. R. 373. The rule has no application where the master has knowledge of the defect and the servant does not and where the defect is of such a character as not to be obvious from observation ordinarily accompanying its use. Stork v. Charles Stolper Cooperage Co. 127 Wis. 318, 106 N. W. 841. In the Stork case the court said (127 Wis. 322, 106 N. W. 843, 7 Ann. Cas. 339):

"* * * As stated above, the relaxation of the master's duty and liability rests on the assumed equality of knowledge and ability to discover the defect complained of. It can have no application to a

defect of which the master is actually cognizant, and which, as a reasonable man, he should appreciate is likely to result in injury to one using the implement as it is likely to be used, and which is neither known to the employee nor of such a character as to be obvious to that observation which may be expected to accompany its use. In such case the general rule of negligence as above stated is fully effective, and the master who knowingly and negligently exposes his employee to a peril unknown to the latter must respond for the damage which results."

Other cases so hold. While we have not so held, in Koschman v. Ash, *supra,* we expressly approved the rule of the Stork case, and in Dally v. Ward, *supra,* we recognized the limitation it places on the simple tool doctrine. We think the rule announced in the Stork case is sound, and we adopt it.[2]

■ Stepladders and simple ladders have been held to be simple instrumentalities within the meaning of the simple tool doctrine. Mozey v. Erickson, 182 Minn. 419, 234 N. W. 687; Dessecker v. Phoenix Mills Co. 98 Minn. 439, 108 N. W. 516; Rule v. Giuglio, 304 Mich. 73, 7 N. W. (2d) 227, 145 A. L. R. 537, and Annotation. So, likewise, is the step stool in question, for the reason that it is in essence a sort of small ladder as simple in construction as any stepladder. It is no objection to the application of the rule that the defect claimed was on the underside of the top. If the angle iron was in fact unfastened, that fact could have been ascertained as readily by plaintiff as by defendants either by view or otherwise.

■ The applicability of the simple tool doctrine to the instant case depends on whether defendants knew of the alleged defect before plaintiff used the stool and, possessing such knowledge, failed to warn her of that fact. If the answer to this question is in the affirmative, the case does not come within the rule, and if the answer is in the negative it does. We think the answer must be in the negative. Plaintiff contends that such knowledge was proved by

---

[2]See, Anderson v. Fred Johnson Co. 116 Minn. 56, 133 N. W. 85; Schubert v. J. R. Clark Co. 49 Minn. 331, 51 N. W. 1103, 15 L. R. A. 818, 32 A. S. R. 559.

inference from the fact that Mrs. Okes discarded the stool. Her claim is that the inference is that Mrs. Okes knew that the angle iron had become unfastened and that, because she knew of that defect, she discarded the stool. The inference is not permissible. We take judicial notice of the fact that people discard used household appliances and instrumentalities for a great number of reasons other than defects therein, as for example such as those pertaining to the utility, beauty, and age of the particular article and changes of both style and taste. The fact that an instrumentality is old and has been used is in itself no evidence that it is defective. Richards v. Rough, 53 Mich. 212, 18 N. W. 785. While the fact that an appliance or instrumentality is defective may be a reason for discarding it, it does not follow in the particular case that the reason for discarding is a defect. So, here, it does not follow from the fact that Mrs. Okes discarded the stool that she did so because the angle iron had become unfastened. Her uncontradicted and unimpeached evidence is to the contrary. She testified that the stool was in "perfect condition" and that she discarded it for the reason already mentioned, which was other than for a defect therein.

Our conclusion is that the step stool in question comes under the simple tool doctrine and that there was no evidence to establish defendants' knowledge of the alleged defect therein prior to plaintiff's injury.

Affirmed.